**James SASSI, Plaintiff,**

v.

**Harold BREIER, Individually and in his capacity as Chief of Police of the City of Milwaukee Police Department, et al., Defendants.**

**No. 76–C–435.**

United States District Court,
E. D. Wisconsin.

Nov. 3, 1977.

Robert E. Sutton, Milwaukee, Wis., for plaintiff.

Grant F. Langley, Asst. City Atty., Milwaukee, Wis., for defendants.

## MEMORANDUM AND ORDER

WARREN, District Judge.

Motions to dismiss the amended complaint for failure to state a claim upon which relief can be granted and for lack of personal jurisdiction over the defendants have been filed in this action pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. These motions have been filed on behalf of defendants, Ronald Piojda, Gary Piellusch, John Burczyk, Donald Kulinski, Dennis Peters, William Seiden, Albert Sunn, Allen Campbell, Ronald Ruiz, Peter Price, Michael Ladwig, David Stelter, Jeffrey Metz and LeRoy Krenzke. Plaintiff has not responded to these motions.

Defendants contend that the claims against newly-named defendants in the amended complaint are barred by the statute of limitations. In the original complaint these defendants were identified as "unknown and unidentified members of the Milwaukee Police Department denominated as John Doe and Richard Roe."

Although the Court granted the plaintiff leave to amend his complaint, this statute of limitations issue was not fully briefed nor was all relevant factual information before the Court at that time. Defendants have subsequently filed affidavits indicat-

ing that they had no notice of this action until they were served with a copy of the amended complaint. Such service was allegedly made after the statute of limitations had run.

■ Because defendants filed affidavits with their motion to dismiss for failure to state a claim, the Court must treat such motion as a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

Although leave to amend was granted, records in the Clerk of Court's office and this Court show that this amended complaint has not yet been filed with the Clerk's office. In spite of this deficiency, the Court will address the issue raised in this motion.

In deciding this motion, the Court must decide whether the claim against the defendants named in the amended complaint is barred by the applicable statute of limitations or whether, for limitations purposes, the amended complaint relates back to the date of the original pleading, June 17, 1976.

■ In an action alleging a violation of 42 U.S.C. § 1983, a state's statute of limitations must be applied, since this subchapter contains no limitations provision. *Hill v. Trustees of Indiana University,* 537 F.2d 248 (7th Cir. 1976); *Shaw v. McCorkle,* 537 F.2d 1289 (5th Cir. 1976). To determine which state statute of limitations to apply to the action brought under this section, the federal court should apply the limitations period used by the forum state for similar torts. *Hill v. Trustees of Indiana University, supra; Margoles v. Ross,* 67 F.R.D. 666 (W.D.Wis.1975).

■ Plaintiff alleges that on June 19, 1974 and again on June 22, 1974, he was unlawfully arrested, assaulted and battered and falsely imprisoned by certain members of the Milwaukee Police Department. Section 893.21(2) of the Wisconsin Statutes provides that a civil action based on assault and battery or false imprisonment must be brought within two years. This Court holds that this section governs the cause of action in this case.

The original complaint was filed on June 17, 1976. On July 7, 1977, this Court granted plaintiff leave to file an amended complaint. Such complaint, although served on the defendants, has not yet been filed.

Because this Court has determined that the two year statute of limitations is applicable in this case, plaintiff's amended complaint was allowed well after the statutory period for commencing such suit had expired. Therefore, the Court must determine whether the amended complaint relates back to the date of the original pleading.

First of all, it is important to note that no provision is made in either these federal statutes or the Federal Rules of Civil Procedure either expressly authorizing or prohibiting the use of fictitious parties. Although some courts may allow this practice, some courts look with disapproval on this practice. *See, e. g., Tolefree v. Ritz,* 382 F.2d 566 (9th Cir. 1967); *Sigurdson v. Del Guercio,* 241 F.2d 480 (9th Cir. 1956).

■ This Court holds that an amended complaint which replaces "John Doe" defendants listed in the original complaint with actual defendants involves the addition of new parties. *Craig v. United States,* 413 F.2d 854 (9th Cir. 1969), *cert. denied,* 396 U.S. 987, 90 S.Ct. 483, 24 L.Ed.2d 451 (1969); *Stephens v. Balkamp, Inc.,* 70 F.R.D. 49 (E.D.Tenn.1975); *Williams v. Avis Transp. of Canada, Ltd.,* 57 F.R.D. 53, (D.Nev.1972).

■ Rule 15(c) addresses the relation back of amended pleadings involving new parties. This rule provides that changing the party against whom a claim is asserted relates back to the date of the original pleading only if three conditions are satisfied: (1) the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; (2) within the period provided by law for commencing the action against him, the party to be brought in by amendment has received such "notice of the institution of the action" that he will not be prejudiced in

maintaining his defense on the merits; and (3) within the period provided by law for commencing the action against him, the party to be brought in knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

In this case, plaintiff apparently did not know the names of those police officers against whom he sought relief. The names "John Doe" and "Richard Roe" were fictitious names for these unknown persons. While this Court recognizes the difficulties plaintiff may have encountered in trying to identify these officers, the plaintiff did have the two year statutory period to make these identifications. To allow a plaintiff to name a "John Doe" defendant and later, after the statutory limitation period had elapsed, allow that plaintiff to name a specific individual would negate any purpose and impact of such a statute of limitations. A plaintiff could automatically include a "John Doe" defendant in every action and thereby totally circumvent any limitation provision.

With respect to the requirement in Rule 15(c) that the new party have "notice of the institution of the action," the defendants named in the motion stated in their individual affidavits that they had no knowledge of the commencement of this action until served with a copy of the amended complaint. Thus, they clearly did not have the requisite notice of the institution of the action within the statutory period. *Simmons v. Fenton,* 480 F.2d 133 (7th Cir. 1973).

It also follows that the third condition was not fulfilled because that condition is likewise premised upon notice of the action prior to the running of the limitation period.

Therefore, this Court finds that the defendants named in the motion did not have the necessary notice of this action and thus the amended complaint does not relate back to the date of the original pleading. Accordingly, defendants named in the motions to dismiss must be dismissed from this action. Any claim against them is barred by the two-year statute of limitations.

 The Court need not decide the motion to dismiss for lack of personal jurisdiction over the named defendants. In this regard though, the Court notes that the defendants state in their respective affidavits that the plaintiff failed to serve a summons on the additional defendants named in the motion to dismiss. Only the amended complaint was served. Such procedure is contrary to the requirements of Rule 4(d) which requires that the summons and complaint be served together. This gives the Court personal jurisdiction over the defendant.

In summary, the motions of Gary Piellusch, John Burczyk, Donald Kulinski, Dennis Peters, William Seiden, Albert Sunn, Allen Campbell, Ronald Ruiz, Peter Price, Michael Ladwig, David Stelter, Jeffrey Metz, LeRoy Krenzke and Ronald Poijda to dismiss must be and are hereby GRANTED.