**James SASSI, Plaintiff-Appellant,**

v.

**Harold BREIER, etc., et al., Defendants-Appellees.**

**No. 78–1054.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 19, 1978.

Decided Oct. 6, 1978.

Robert E. Sutton, Milwaukee, Wis., for plaintiff-appellant.

Grant F. Langley, Milwaukee, Wis., for defendants-appellees.

Before CUMMINGS, PELL and WOOD, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

On June 17, 1976, two days before the statute of limitations would have barred his cause of action, plaintiff filed a complaint alleging a violation of his civil rights under 42 U.S.C. § 1983, naming certain defendants, not involved in this appeal, and designating certain other defendants as "unknown and unidentified members of the Milwaukee Police Department, designated as John Doe and Richard Doe, et al." After the statute of limitations had run, plaintiff moved to amend his complaint which was allowed. The amended complaint substituted by name the previously unknown police officers.

The newly named defendants moved to dismiss the amended complaint as barred by the statute of limitations. Defendants' motion was supported by affidavits indicating

that they had had no notice of the action until served with copies of the amended complaint which was after the statute of limitations had run. Plaintiff failed to respond to the motion to dismiss or to the affidavits.[1] Treating the motion to dismiss as a motion for summary judgment, the trial court granted the motion. 76 F.R.D. 487 (E.D.Wis.1977). We affirm.

To determine whether the amended complaint filed after the expiration of the statute of limitations may be considered as relating back to the original complaint filed within the statute of limitations, Rule 15(c) of the Federal Rules of Civil Procedure, must be applied.[2] It is apparent on the face of the pleadings that the claim asserted in the amended complaint arose out of the same occurrences alleged in the original complaint. However, there is nothing in the record to offset the affidavits of the newly named defendants to show that within the statute of limitations those defendants had received any type of notice, or knew or should have known that but for mistake or even lack of knowledge of their identities that the newly named defendants would have been named as original defendants. Thus there is no basis to disturb the findings of the district court on those issues.

We do not consider that the naming of a "John Doe" defendant in the complaint tolls the statute of limitations until such time as a named defendant may be substituted. It constitutes a change of parties within Rule 15(c), and the newly named defendant sought to be substituted for "John Doe" becomes a new party. *Varlack v. SWC Caribbean, Inc.*, 550 F.2d 171, 174 (3rd Cir.

1977); *Craig v. United States*, 413 F.2d 854 (9th Cir.), *cert. denied*, 396 U.S. 987, 90 S.Ct. 483, 24 L.Ed.2d 451 (1969). To hold otherwise could have an unwarranted impact upon the salutary purposes of statutes of limitations.

We Affirm.

---

1. Questions have been raised about the actual filing of the amended complaint and service of summons on the newly named defendants in addition to the service of mere copies of the complaint, but we need not reach these questions.

2. Rule 15(c) provides in pertinent part:

   Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.