STATE, Plaintiff-Respondent, v. EROTOMIC, Vols. 3 & 4, 1977 Issues; High Society, Sept., 1977 Issue; Hustler, Sept., Oct., 1977 Issues; Cheri, Sept., 1977 Issue; Chic, Sept., 1977 Issue; Who's Who In X-Rated Films, Sept., 1977 Issue; Mr., Nov., 1977 Issue; Flick, Nov., 1977 Issue; Foto-Rama, April, 1977 Issue; New Pink, April, 1977 Issue; Pix Girls, Aug., 1977 Issue, Vol. 1, #1, Defendants-Appellants.†

Court of Appeals

*Nos. 78–057–CR—78–060–CR. Submitted on briefs December 11, 1978.—Decided January 9, 1979.*
(Also reported in 275 N.W.2d 160.)

---

† Petitions to review denied.

For appellant Cheri, the cause was submitted on the briefs of *O'Neal, Noll, Elliott, Donovan, Lussow & Forbeck, S.C.* of Beloit; for the remaining appellants the cause was submitted by *Roethe & Buhrow,* Edgerton.

For the respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Pamela Magee-Heilprin,* assistant attorney general.

Before Moser, P.J., Brown and Bode, JJ.

BROWN, J.   On November 15, 1977, the District Attorney for Walworth County, in the name of the State, commenced an action for declaratory judgment to have the defendant magazines[1] declared obscene, pursuant to sec. 806.05, Stats.  Upon the filing of the complaints by the State, the trial court made a summary examination of the matter as required by sec. 806.05(1), Stats.  After

---

[1] These appeals all deal with the same issue and therefore have been consolidated on appeal.

the summary examination, the court determined that there was reasonable cause to believe that the defendant magazines were obscene. Accordingly, on December 6, 1977, the trial court then issued an order to show cause why the magazines should not be judicially determined to be obscene. The order was returnable on January 3, 1978 and was sent by certified mail to the publishers, distributors and sellers of the magazines on December 8, 1977. The order was also published as a Class 2 notice in the *Milwaukee Journal* December 9 through December 16, 1977, the *Whitewater Register* on December 8 and December 15, 1977, the *Janesville Gazette* on December 9 and December 28, 1977, and the *Wisconsin State Journal* on December 10 and December 17, 1977.

After having received notice, those interested in the matter appeared on the return date and made a timely motion to dismiss the actions, claiming that the court lacked jurisdiction to proceed. A hearing was held January 20, 1978, at which time the trial court denied the motions to dismiss the complaint. A written order denying the motions was entered on April 19, 1978. On May 9, 1978, the defendants filed a notice of appeal from the order denying their motions to dismiss.

The basis for the defendants' claims on appeal are that they were not properly served with a summons pursuant to sec. 801.02(2), Stats., and that the failure to serve a summons violated their due process rights to notice.

In *Keske v. Square D Co.*, 58 Wis.2d 307, 311–12, 206 N.W.2d 189, 191 (1973), the Wisconsin Supreme Court stated:

The threshold questions in any dispute over the adequacy of service of a summons relate not only to the very purpose of the summons which is to give notice to the defendant of the pendency of an action against him, but also to whether the appropriate statutory procedures for service have been complied with. *Heaston v. Austin* (1970), 47 Wis.2d 67, 176 N.W.2d 309. Although [the

defendant] has never asserted that it did not have actual notice of plaintiff's action, it does argue and rightfully so, that ". . . when a statute prescribes how service is to be made, the statute determines the matter . . . ." *Punke v. Brody* (1962), 17 Wis.2d 9, 13, 115 N.W.2d 601.

Thus, before we may conclude that this action was properly commenced, we must find that service of summons *or process* complied with the statutory requirement. *See, Fehrenbach v. Fehrenbach,* 42 Wis.2d 410, 414, 167 N.W. 2d 218, 220 (1969) ; 2 E. Bryant, *Wisconsin Pleading and Practice* §14.01 (3d ed., 1977).

Actions under sec. 806.05, Stats., for a declaratory judgment that certain magazines are obscene are *in rem* actions. *State v. I, A Woman—Part II,* 53 Wis.2d 102, 106, 191 N.W.2d 897, 899 (1971). The *in rem* procedures against arguably obscene materials are completely encompassed by the structures of sec. 806.05. *I, A Woman —Part II,* 53 Wis.2d at 109, 191 N.W.2d at 901. While sec. 801.02(2), Stats., requiring a summons applies generally to *in rem* proceedings, sec. 801.01(2) states that sec. 801.02(2) and other sections in title XLII–A, Stats., apply to all civil actions and special proceedings "except where different procedure is prescribed by statute or rule." The procedure set out in sec. 806.05, Stats., is a different procedure and thereby replaces the procedures required under sec. 801.02(2).

Thus, where an action is brought under sec. 806.05, Stats., there is no need for the service of a summons. The order to show cause authorized in sec. 806.05 replaces the summons requirement. It serves the same function as a summons in that it gives the defendants notice that an action has been commenced against them, and notifies them of the time, date and place to appear if they wish to contest the proceedings. The complaint, attached to the order to show cause serves the same function as it would if attached to the summons. It gives

the defendants notice of the grounds for the plaintiff's cause of action. We do not think that the mere fact that the process that was given was by order to show cause, as authorized by the statute, rather than a summons, deprived the defendants of due process. There is nothing magic in the term "summons." Its purpose is the important fact. The process given (whether by summons or order to show cause) must do the following: (1) It must give notice to the persons whose rights are to be adjudicated of the institution of proceedings which could adversely affect their interests. (2) The notice must fix the time and place where the hearing is to be held. (3) The notice must allow a reasonable opportunity to be heard. (4) It must set forth the grounds for the plaintiff's cause of action. (5) Finally, the notice must meet constitutional due process requirements. *Milwaukee County v. Schmidt, Garden & Erikson,* 35 Wis.2d 33, 36–37, 150 N.W.2d 354, 356 (1967). The order to show cause and the attached complaint in this case, met all of the requirements including the due process requirement. As long as the order to show cause was authorized by statute, and we have concluded above that it was, proper notice was given and the defendants have not been deprived of due process simply because they were not served with a summons in addition to the order to show cause.

*By the Court.*—Affirmed.