Josef LAK and Maria Lak, Plaintiffs-Appellants,

v.

RICHARDSON-MERRELL, INC., a foreign corporation,
Defendant-Respondent.†

Court of Appeals

. No. 79–1124. Submitted on briefs February 13, 1980.—
Decided March 21, 1980.
(Also reported in 291 N.W.2d 620.)

† Petition to review pending. This petition was not decided at
the time the volume went to press. Its disposition will be re-
ported in a later volume.

For the plaintiffs-appellants, the cause was submitted on the brief of *E. Campion Kersten,* and *Kersten & McKinnon,* of counsel, of Milwaukee.

For the defendant-respondent, the cause was submitted on the brief of *L. C. Hammond, Patrick W. Schmidt, Gerald G. Miller,* and *Quarles & Brady,* of counsel, of Milwaukee.

Before Decker, C.J., Moser, P.J., and Cannon, J.

MOSER, P.J.  This is an appeal from the trial court's order granting a motion to dismiss against the plaintiffs, Josef and Maria Lak, and in favor of the defendant Richardson-Merrell, Inc., (R-M). On November 24, 1975, the Laks allegedly received a defective flu vaccine. On November 24, 1978, the last possible day for filing a cause of action under the three-year statute of limitations, sec. 893.205, Stats., the Laks filed a complaint alleging personal injury caused by the defective vaccine. The complaint alleged ignorance of the true defendant's name, and named a fictitious defendant under sec. 807.12. On January 9, 1979, the Laks were granted leave to amend the summons and complaint to name R-M as the defendant. The trial court granted R-M's motion for dismissal on the ground that the Laks' action against R-M was barred by the three-year statute of limitations.

The issues presented by the parties for review are: (1) whether a complaint filed under the fictitious name provision of sec. 807.12, Stats., tolls the statute of limitations; and, (2) whether the amendment substituting R-M as a party-defendant relates back to the time of the original filing of the summons and complaint.

The issue concerning the tolling of the statute of limitations turns on whether the cause of action was properly commenced within the limitations period. Section 893.39, Stats., governs the commencement of a cause of action. That statute provides in part:

An action shall be deemed commenced, within the meaning of any provision of law which limits the time for commencement of an action, as to each defendant, when the summons naming the defendant and the complaint are filed with the court, but no action shall be deemed commenced as to any defendant upon whom service of authenticated copies of the summons and complaint has not been made within 60 days after filing.

The Laks argue that the time period for service of the summons and complaint constitutes a relaxation of the requirements for commencement of the action. They claim that since the summons and complaint were served on the defendant within the sixty-day maximum, the action was properly commenced on the day of the original filing. This argument must be rejected for two reasons. First, the requirement of service is not a relaxation of the requirements for the commencement of a cause of action. Rather, service of the summons and complaint is a condition subsequent to proper commencement of the action.[1] Second, the fallacy underlying such an argument

---

[1] *See* sec. 801.02(1), Stats; *See also State v. Erotomic,* 87 Wis. 2d 536, 538–39, 275 N.W.2d 160, 161 (1979). *See generally* Clausen, Lowe, *The New Wisconsin Rules of Civil Procedure, Chapters 801–803,* 59 Marq. L. Rev. 1, 6–7 (1976).

is that the statute of limitations would, in every case, be extended for the sixty-day period for service.

On the contrary, the question must be whether the action was commenced when the summons and complaint were originally filed on November 24, 1978. Proper resolution of this question turns on whether a complaint using a fictitiously named defendant under sec. 807.12, Stats., constitutes commencement of a cause of action. Section 807.12 provides in part:

(1) When the name or a part of the name of any defendant, or when any proper party defendant to an action to establish or enforce, redeem from or discharge a lien or claim to property is unknown to the plaintiff, such defendant may be designated a defendant by so much of the name as is known, or by a fictitious name, or as an unknown heir, representative, owner or person as the case may require, adding such description as may reasonably indicate the person intended.

(2) When the name of such defendant is ascertained the process, pleadings and all proceedings may be amended by an order directing the insertion of the true name instead of the designation employed.

. . . .

R-M argues that filing a complaint using a fictitious name does not commence an action. It claims that the fictitious name does not "name" a defendant within the meaning of sec. 893.39, Stats., *supra*. This argument must be rejected. Section 807.12, allows a plaintiff to name a fictitious defendant when the true name is unknown. R-M's construction of sec. 893.39 would lead to the absurd result that a filing using a fictitious defendant under sec. 807.12, would constitute no filing at all, and sec. 807.12 would thereby be rendered a nullity. Furthermore, there could be no question of the relation back of an amendment adding the name of the real defendant once it is discovered since there would be no original filing date to which to relate back.

The effect of sec. 807.12, Stats., on the statute of limitations is a question of first impression in the state of Wisconsin. This court is of the opinion that sec. 807.12 must be viewed as a limited exception to the normal requirements for commencing an action under sec. 893.39. When an action like this is commenced, it is commenced only under a fictitious name. The critical question is whether the amendment substituting the defendant's real name relates back to the time of the original filing of the summons and complaint.

When the name of the defendant becomes known, the plaintiff can substitute the true name for the fictitious name within the complaint. Sec. 807.12(2), Stats. The change of names, in effect, constitutes an amendment substituting or changing parties. The relation back of that amendment to the time of the original filing is governed by sec. 802.09(3), which provides:

If the claim asserted in the amended pleading arose out of the transaction, occurrence, or event set forth, or attemped to be set forth in the original pleading, the amendment relates back to the date of the filing of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against such party, the party to be brought in by amendment has received such notice of the institution of the action that he or she will not be prejudiced in maintaining a defense on the merits, and knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against such party.

There are three requirements for relation back under this statute:

1. The claim asserted in the new pleading must arise out of the same transaction, occurrence, or event as set out in the original pleading.
2. The new defendant has received notice of the institution of the action before the statutory period has expired.

3. The defendant knows or should have known that he would have been named in the original complaint but for a mistake concerning the identity of the proper party.

In this case, there was no allegation by the Laks either that R-M had notice of the action within the limitations period, or that R-M knew or should have known that it would have been named in the original complaint but for a mistake in identity. In the absence of such allegations, the statutory requirements are not met and the January 9, 1979, amendment does not relate back to the November 24, 1978, filing.

However, the Laks argue that the force of precedent from other jurisdictions illustrates that the statute of limitations should be tolled. They also argue that the substitution of the true defendant's name is not a change of parties but merely a change of names, and therefore the requirements of sec. 802.09(3), Stats., need not be met. In support of these propositions, the Laks cite several cases, including a California Supreme Court case, *Austin v. Massachusetts Bonding & Insurance Company,*[2] a New Jersey Supreme Court case, *Farrell v. Votator of Chemetron Corporation,*[3] an early Missouri Court of Appeals decision, *Maddux v. Gardner,*[4] and a Rhode Island Supreme Court decision, *Sousa v. Casey.*[5]

In *Austin,* for example, the California Supreme Court found that use of a fictitious name tolled the statute of limitations since the true defendant "is considered a party to the action from its commencement. . . ."[6] The

---

[2] 56 Cal.2d 596, 364 P.2d 681, 15 Cal. Rptr. 817 (1961).

[3] 62 N.J. 111, 299 A.2d 394 (1973).

[4] 192 S.W.2d 14 (Mo. App. 1945).

[5] 111 R.I. 623, 306 A.2d 186 (1973).

[6] *Austin, supra* note 2, at 599, 364 P.2d at 682, 15 Cal. Rptr. at 818.

amendment adding the true name of the defendant related back since the cause of action was based on the same set of facts as those alleged in the original complaint.[7] Also, in *Maddux* the Missouri Court of Appeals ruled that "the amending of the petition by inserting the name, [defendant] was not the addition of another party to the cause of action but constituted a mere substitution of names."[8] The other cases cited by the Laks are generally in accord.[9] The rationale of these decisions, succinctly stated, was the policy in favor of liberality of amendment and litigating cases on the merits.[10]

We reject this line of reasoning for two reasons. First, the authority cited by the Laks is distinguishable from this case. The *Austin* and *Maddux* decisions are distinguishable because California and Missouri had no provision comparable to sec. 802.09(3), Stats., governing the relation back of amendments. Section 802.09(3) requires not only that the cause of action arise from the same transaction or occurrence, as under the above rule, but also that the defendant had notice and knew or should have known that he was the true defendant. In addition, the *Farrell* and *Sousa* decisions are distinguishable since in those cases the respective state supreme courts did not consider the relationship between the fictitious name statute and the relation back statutes.

Second, we think it is clear that the change of names occurring when the true name of the defendant is sub-

---

[7] *Id.* at 601, 364 P.2d at 683, 15 Cal. Rptr. at 819.

[8] *Maddux, supra* note 4, at 18.

[9] *Farrell, supra* note 3, at 120, 299 A.2d at 399 (plaintiff's cause of action not changed nor was new party added); *Sousa, supra* note 5, at 633, 306 A.2d at 192 (fictitious name filing tolled statute of limitations and summons and complaint served within a reasonable time).

[10] *See, e.g. Austin, supra* note 2, at 603, 364 P.2d at 684, 15 Cal. Rptr. at 820.

stituted for the fictitious name is a change of parties. A change of parties occurs not only upon the substitution of one defendant for another, or the addition of a defendant, but also upon changing a misdescription or misnomer of the defendant.[11] Indeed, although the *Maddux* decision cited by the Laks contained language to the effect that the change of names was not a change of parties,[12] that court proceeded to analyze the name change as an amendment adding a party rather than a mere interposition of names.[13]

Other jurisdictions have held that the substitution of names occurring when the defendant's true name is discovered is a change of parties, and have found a violation of the statute of limitations as a result. Example cases are *Moulden Supply Company v. Rojas,*[14] a Georgia appellate court decision, *Favors v. Southern Industries,*[15] a Louisiana appellate court decision, *Gould v. Tibshraeny,*[16] an Arizona appellate court decision, *Click v. Pardoll,*[17] a Florida appellate court decision, and *Vocke v. City of Dayton,*[18] an Ohio appellate court decision. Construing statutes similar or identical to sec. 802.09 (3), Stats., these courts held that the plaintiff must show that the defendant had notice of the action within the limitations period and knew or should have known that he was the true defendant.[19] A representative case adopting this rule is *Gould, supra,* where the Arizona appellate court reasoned in conclusion:

[11] *Note, Federal Rule of Civil Procedure 15(c): Relation Back of Amendments,* 57 Minn. L. Rev. 83, 106 (1972).

[12] *See* note 8, *supra.*

[13] *Maddux, supra* note 4, at 18.

[14] 135 Ga. App. 229, 217 S.E.2d 468 (1975).

[15] 344 So.2d 693 (La. App. 1977).

[16] 21 Ariz. App. 146, 517 P.2d 104 (1973).

[17] 359 So.2d 537 (Fla. App. 1978).

[18] 36 Ohio App.2d 139, 303 N.E.2d 892 (1973).

[19] *See, e.g. Moulden, supra* note 14, at 232, 217 S.E.2d 469–70.

It is fundamental that the purpose of the statute of limitations is to provide a cutoff point in time for stale claims. Rule 15(c) [Ariz. Rules of Civ. Proc.] carries out this sound policy by requiring notice of the institution of the action within the time limitations set by the statute of limitations before an amendment adding new parties will relate back to the date of the original pleading.

The record before the trial court clearly showed the defendants Tibshraeny had no notice of the institution of an action against them until they were served almost three years after the accident and approximately one year after the statute of limitations had run.[20]

While the delay after the limitations period had run in this case was far less than a year, the reasoning is nonetheless applicable.

The District Court for the Eastern District of Wisconsin, applying Federal Rule of Civil Procedure 15(c) governing the relation back of amendments, has adopted the latter rule. In *Sassi v. Breier,*[21] the plaintiff had filed a civil complaint for assault and battery and false imprisonment against certain members of the Milwaukee Police Department. The original complaint was filed against " 'unknown and unidentified members of the Milwaukee Police Department denominated as John Doe and Richard Roe.' "[22] Although the original complaint was filed within the two-year statute of limitations, the amendment adding the names of the defendants postdated the limitations period.

The defendants filed a motion to dismiss for noncompliance with the statute of limitations. Upon reviewing the affidavits in support of the motion to dismiss,

---

[20] *Gould, supra* note 16, at 148, 517 P.2d at 106. *See also Vocke, supra* note 18, at 143, 303 N.E.2d at 895.

[21] 76 F.R.D. 487 (1977), *aff'd Sassi v. Breier,* 584 F.2d 234 (7th Cir. 1978).

[22] *Id.* at 488.

the court granted summary judgment for the defendants. In so doing, the court held that the addition of the names of the defendants was an amendment adding new parties. The plaintiffs did not allege that the defendants had received such " 'notice of the institution of the action' that [they] will not be prejudiced in maintaining [their] defense[s] on the merits."[23] The plaintiffs also did not allege that the party to be brought in knew, or should have known that, but for a mistake in identity, the action would have been brought against him.[24] Thus, there was no compliance with the Rule 15(c) requirements for the relation back of amendments and the cause of action was not properly commenced within the two-year statute of limitations. The district court reasoned:

In this case, plaintiff apparently did not know the names of those police officers against whom he sought relief. The names "John Doe" and "Richard Roe" were fictitious names for these unknown persons. While this Court recognizes the difficulties plaintiff may have encountered in trying to identify these officers, the plaintiff did have the two year statutory period to make these identifications. To allow a plaintiff to name a "John Doe" defendant and later, after the statutory limitation period had elapsed, allow that plaintiff to name a specific individual would negate any purpose and impact of such a statute of limitations. A plaintiff could automatically include a "John Doe" defendant in every action and thereby totally circumvent any limitation provision.[25]

While the *Sassi* decision is not controlling for this court, we find it persuasive. We note the similarity between Rule 15(c) of the Federal Rules of Civil Procedure on the relation back of amendments and sec. 802.09(3) of the Wisconsin statutes. In this case as well as in *Sassi*, there was no claim that the defendants had any notice or knowledge of the action within the limitations period.

---

[23] *Id.* at 489–90.

[24] *Id.* at 490.

[25] *Id.*

While we recognize the policies favoring liberal amendment of pleadings and resolving matters on the merits discussed in the cases cited by the Laks, we feel those policies are embodied in sec. 802.09(3), Stats. As long as there is compliance with the statute, amendments will be liberally allowed and actions will, if possible, be tried on the merits. But we will not extend a statute of limitations where no extension was intended.

In this way, the countervailing policies underlying the statute of limitations are also protected. Statutes of limitations are designed to spur plaintiffs to pursue their causes of action diligently and "to spare the courts from litigation of stale claims."[26] We simply cannot conceive that plaintiffs can routinely avoid statutes of limitations by filing under the fictitious name statute. Moreover, it must be insured that defendants receive notice and have knowledge within the statutory period so they are not prejudiced in maintaining a defense to actions on the merits.

*By the Court.*—Order affirmed.

[26] *Chase Securities Corp. v. Donaldson,* 325 U.S. 304, 314 (1945).