Rebecca Ann MEDINA,
Plaintiff-Appellant,

v.

SCHMUTZ MANUFACTURING COMPANY, a Kentucky corporation,
Defendant-Appellee.

No. 82CA1186.

Colorado Court of Appeals,
Div. I.

Oct. 27, 1983.

Malman & Malman, P.C., Robert L. Malman, Richard W. Yolles, P.C., Richard W. Yolles, Denver, for plaintiff-appellant.

Long & Jaudon, P.C., David B. Higgins, Denver, for defendant-appellee.

BERMAN, Judge.

Plaintiff seeks review of the district court's order granting defendant's motion to dismiss. We affirm.

The incident which gave rise to plaintiff's original claim against defendant took place on September 11, 1978. Plaintiff filed the original complaint in this action on May 23, 1980, alleging that her employer, American Gilsonite Company, was liable for her injuries and damages sustained as a result of an accident wherein her hand and wrist became wedged in the press rollers of a printing press manufactured by the defendant.

Plaintiff amended that complaint twice. The first amendment was on September 10, 1981 when, pursuant to C.R.C.P. 9(a)(2), plaintiff joined "John Doe" Manufacturing Company as a defendant. It is undisputed that the amendment was within the three-year statute of limitations period set forth in § 13–80–127.5, C.R.S.1973 (1982 Cum. Supp.). That amended complaint alleged that "John Doe" Manufacturing Company negligently manufactured and installed the printing press in which plaintiff's right hand and arm had become wedged, and that the company had otherwise negligently failed to warn and protect plaintiff from the dangers to which she had been exposed.

On October 28, 1981, more than one month after the expiration of the applicable statute of limitations period, plaintiff filed a second motion for leave to amend the complaint, along with her second amended complaint, naming defendant, Schmutz Manufacturing Company, as the "John Doe" company responsible for manufacturing the printing press involved in the accident. Defendant was served with a copy of the amended complaint on November 3, 1981.

In its motion to dismiss, filed pursuant to C.R.C.P. 12(b), defendant alleged that plaintiff stated no claim for relief because the second amended complaint was not filed within three years from the date on which her claim arose, as required by § 13–80–127.5, C.R.S.1973 (1982 Cum. Supp.). The district court granted the motion to dismiss, and this appeal followed.

Both parties agree that this action is a products liability action. Under § 13–80–127.5, C.R.S.1973 (1982 Cum.Supp.), products liability actions against manufacturers must be brought within three years after the claim for relief arises and not thereafter.

Plaintiff argues that, under C.R.C.P. 9, claims against unknown parties may be preserved by timely filing a "John Doe" action. Thus, she concludes that since the claim asserted in the amended pleading arose out of the same "conduct, transaction, or occurrence" set forth in the original pleading and C.R.C.P. 15(c) allows for relation back of amendments to the date of the original pleading, her claim against defendant was not barred by the statute of limitations. In addition, plaintiff argues that the second portion of C.R.C.P. 15(c), which deals with an amendment changing the party against whom a claim is asserted, is inapplicable to this case because, plaintiff contends, the amendment did not change a party, it merely gave the proper designation to a party already named. We find no merit in these arguments.

C.R.C.P. 9(a)(2) is silent as to whether an amendment to a "John Doe" action, after the applicable statute of limitations has run, relates back to the time of the original complaint. C.R.C.P. 15(c), on the other hand, allows amendments to pleadings changing or correcting misnamed parties to an action to relate back to the filing date of the original action, but for such relation back to occur, three conditions must be met.

As we pointed out in *Dillingham v. Greeley Publishing Co.*, 661 P.2d 700 (Colo.App.1983) (*cert. granted* April 18, 1983), the three prerequisites to relation back of an amendment changing a party are: first, that the amendment arise out of the same transaction or conduct set forth in the original pleadings; second, that the party misnamed or to be added or substituted for another must have received notice of institution of the lawsuit within the period allowed for commencement of the action sufficient to negate prejudice to it as it maintains its defense on the merits; and third, that the substituted party must have known or should have known that suit would have been brought against it were it not for a mistake concerning the identity of the proper party. C.R.C.P. 15(c). In the instant case, just as in *Dillingham, supra,* the second requirement was not met.

Plaintiff does not dispute the fact that defendant received no notice of the institution of this action until it was served with a copy of the amended complaint on November 3, 1981, more than three years after the accident from which this cause arises. In addition, plaintiff points to nothing in the record which indicates that defendant had actual knowledge of or had reason to know that the action would have been brought against it but for a mistake concerning the identity of the proper party. Therefore, because the amended complaint naming Schmutz Manufacturing Company as defendant was not filed until after the expiration of the three-year statute of limitations, and because the amended complaint does not relate back to the date of the original complaint, defendant was entitled to judgment as a matter of law, and the trial court was correct in granting its motion to dismiss.

The three requirements of C.R.C.P. 15(c) are applicable here. We held in *Marriott v. Goldstein*, 662 P.2d 496 (Colo.App. 1983), that "replacing a 'John Doe' caption with a party's real name amounts to 'changing a party' within the meaning of Rule 15(c), and thus will only relate back if all ... conditions specified in the Rule have been satisfied." *Varlack v. SWC Carribean, Inc.*, 550 F.2d 171 (3rd Cir.1977) (construing F.R.C.P. 15(c), identical in all relevant aspects to C.R.C.P. 15(c)); *see Dillingham, supra.*

Judgment affirmed.

PIERCE and METZGER, JJ., concur.