[No. 7480-0-II.   Division Two.   September 5, 1986.]

JACK KIEHN, JR., *as Personal Representative,* ET AL, *Respondents,* v. NELSEN'S TIRE COMPANY, *Appellant.*

*Palmer Robinson* and *Carney, Stephenson, Badley, Smith & Mueller,* for appellant.

*Larry E. Levy* and *Davies Pearson, P.C.,* for respondents.

ALEXANDER, J.—Nelsen's Tire Company appeals from a judgment entered on a jury verdict for damages in favor of Jack Kiehn, Jr., et al, for the wrongful death of Jack Kiehn. We reverse.

Jack Kiehn died on December 2, 1977 when a "White tractor" he was operating allegedly lost its left wheel and crashed. On November 26, 1980, Kiehn's wife, Gail, on behalf of herself, her children and as personal representative of her husband's estate (plaintiffs will hereinafter be referred to as Kiehn), commenced an action in Pierce County Superior Court against various defendants, including "X. Doe, Y. Doe, and other Does." Nelsen's Tire was not named originally as a defendant in this complaint. In Kiehn's complaint, it was alleged that the "Does" negligently maintained and repaired the wheels of the tractor that Jack Kiehn was driving at the time of his death.

On August 4, 1981, Kiehn made a motion for an order authorizing discovery of Nelsen's Tire, and on March 12, 1982, plaintiffs obtained a court order authorizing the discovery. In July 1982, the complaint was amended to include Nelsen's Tire as a defendant, and in August of that year, Nelsen's Tire was served with a summons and amended complaint. Kiehn was then notified by an attorney for Nel-

sen's Tire that because an involuntary petition in bankruptcy had been filed against Nelsen's Tire on December 18, 1980, Kiehn's complaint against Nelsen's Tire violated the automatic stay provisions of 11 U.S.C. § 362. On October 12, 1982, Kiehn moved, in bankruptcy court, for relief from the automatic stay of the bankruptcy proceedings, and the motion was granted.[1]

Nelsen's Tire then moved in superior court for summary judgment on the grounds that the statute of limitations had run on Kiehn's cause of action. The motion was denied and Nelsen's Tire sought discretionary review in this court, which was denied. The case proceeded to trial against Nelsen's Tire only.

Nelsen's Tire claimed that it experienced some difficulty defending the case because by the time it received notice of the action, business records necessary to its defense had been destroyed. The jury rendered a verdict for Kiehn in the amount of $231,000 and the trial court entered a judgment on that verdict against Nelsen's Tire for that amount. Nelsen's Tire appeals to this court.

The broad issue in this case is whether the statute of limitations had run on Kiehn's claim against Nelsen's Tire, thus foreclosing Kiehn's ability to maintain this action. Kiehn concedes that the applicable statute of limitations is 3 years, *see* RCW 4.16.080, and that some 4½ years had passed from the time of Jack Kiehn's death until service of process was effected on Nelsen's Tire. Kiehn contends, however, that the amended complaint that was filed and served in 1982 "relates back" to the date the complaint was originally filed, November 26, 1980, a date which was within the period of the applicable statute of limitations.

Kiehn relies on CR 10(a)(2), asserting that it named X. Doe, Y. Doe, and other Does as defendants pursuant to that rule, which provides:

---

[1]The stipulated order limited Kiehn's recovery to the proceeds of Nelsen's Tire's insurance policy.

When the plaintiff is ignorant of the name of the defendant, it shall be so stated in his pleading, and such defendant may be designated in any pleading or proceeding by any name, and when his true name shall be discovered, the pleading or proceeding may be amended accordingly.

Kiehn argues that, because CR 10(a)(2) places no time restrictions on amending the pleadings to state a defendant's true name, plaintiffs are allowed to do so indefinitely with the amendment relating back to the date the complaint was filed.

Nelsen's Tire counters Kiehn by arguing that CR 10-(a)(2) must be read in conjunction with CR 15(c), which provides:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment *relates back* to the date of the original pleading. An amendment changing the party against whom a claim is asserted *relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.*

(Italics ours.) Nelsen's Tire argues that CR 15(c) places limitations on the relation back of an amendment to a fictitious name complaint, and that if CR 15(c) is applied in this case, Kiehn's amended complaint cannot relate back.

Kiehn disputes the appropriateness of applying CR 15(c) to cases involving unknown parties, suggesting that CR 15(c) strictly applies only to amendments *changing* parties. Although no Washington court has decided the issue, we believe that CR 15(c) should have application here. Cases from other jurisdictions that have rules identical or substantially identical to our CR 10(a)(2) and CR

15(c) support the notion that CR 10(a)(2) must be read in conjunction with CR 15(c). *See, e.g., Sassi v. Breier,* 584 F.2d 234 (7th Cir. 1978); *Varlack v. SWC Caribbean, Inc.,* 550 F.2d 171 (3d Cir. 1977); *Vincent v. Edwards,* 184 Mont. 92, 601 P.2d 1184 (1979); *Lak v. Richardson–Merrell, Inc.,* 95 Wis. 2d 659, 291 N.W.2d 620 (1980). These cases stand for the proposition that the substitution of a true name for a fictitious party constitutes an amendment substituting or changing parties. *E.g., Sassi,* 584 F.2d at 235. *See also Varlack v. SWC Caribbean, Inc., supra; Medina v. Schmutz Mfg. Co.,* 677 P.2d 953 (Colo. Ct. App. 1983). When that is the case, CR 15(c) is triggered and the amended complaint must meet the specific requirements of the rule.

Kiehn cites cases from jurisdictions that have held that the amendment of a complaint to substitute a true name of a party is not subject to stringent relation back requirements like those dictated by our CR 15(c). *See, e.g., Smeltzley v. Nicholson Mfg. Co.,* 18 Cal. 3d 932, 559 P.2d 624, 136 Cal. Rptr. 269 (1977); *Hill v. Summa Corp.,* 90 Nev. 79, 518 P.2d 1094 (1974); *Jarusewicz v. Johns–Manville Prods. Corp.,* 188 N.J. Super. 638, 458 A.2d 156 (1983). We believe that these cases do not support Kiehn's position effectively. The rules at issue in the above–cited cases, and others relied on by Kiehn, are not similar to ours. The relation back rules discussed in those cases have fewer limiting factors and relation back, thus, is found more easily. California and Nevada, for instance, require only that the amended complaint concern the same set of facts in order for the amended complaint to relate back. *Smeltzley,* 559 P.2d at 629; *Hill,* 518 P.2d at 1095. New Jersey looks to whether the party was diligent in finding the true name of the party and whether the defendant was prejudiced by the delay. *Jarusewicz,* 458 A.2d at 161.

We hold that CR 15(c) should be read together with CR 10(a)(2). The fact that federal courts have interpreted their rule 15(c), which is identical to ours, to apply in unknown party complaints supports our position. *See, e.g., Sassi v. Breier, supra.*

Having determined that CR 10(a)(2) must be read in conjunction with CR 15(c), we must examine whether the "relation back" elements of CR 15(c) are satisfied. In order to meet the requirements of CR 15(c), a party must demonstrate that (1) the amended pleadings arose out of the same transaction set forth in the original pleadings; (2) the new party received a notice of the action within the statute of limitations; (3) the new party receiving such notice will not be prejudiced in maintaining a defense on the merits; and (4) the new party knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. *Lind v. Frick,* 15 Wn. App. 614, 616–17, 550 P.2d 709 (1976). CR 15(c) should be construed liberally on the side of relation back of the amendment if the defendant will be put to no disadvantage. *Lind,* 15 Wn. App. at 616–17.

Applying CR 15(c) to the present facts, we conclude that the amended complaint does not relate back. The only relation back element that is present in this case is that the amended pleadings arose out of the same transaction as that set forth in Kiehn's original complaint. Nelsen's Tire did not receive notice of the action within the 3–year statute of limitations period and it had no knowledge that the action would have been brought against it, but for a mistake. While lack of prejudice is arguable, the record does indicate that Nelsen's Tire experienced difficulty in defending the case because pertinent business records had been destroyed. In light of the fact that the absence of any of the CR 15(c) elements is fatal to the relation back of an amended complaint, it appears that the amended pleading should not relate back to the original complaint.

Kiehn next asserts that even if CR 15(c) applies, the action was timely commenced because Nelsen's Tire had a petition in bankruptcy filed against it within 90 days from the filing of Kiehn's suit. Kiehn argues that the 90 days for service of process, provided for in RCW 4.16.170, essentially extends the statute of limitations 90 days beyond the November 26, 1980 filing date and 84 days beyond the date

the statute of limitations would have expired if not extended. RCW 4.16.170 provides, in part:

> For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint. . . .

Kiehn contends that because Nelsen's Tire was in bankruptcy on December 18, 1980, within 90 days of the date the complaint was filed, its action was timely commenced because the bankruptcy stay tolled the statute of limitations from December 18, 1981, until the stay was lifted. We find no merit in this argument.

■ The automatic stay provisions of 11 U.S.C. § 362 tolls state statutes of limitations.[2] 11 U.S.C. § 108(c). *See In re Victoria Grain Co.*, 45 Bankr. 2 (Bankr. D. Minn. 1984). *See also In re Page–Wilson Corp.*, 37 Bankr. 527 (Bankr. D. Conn. 1984). Filing a complaint, as well as the issuance of process, against a bankrupt covered by 11 U.S.C. § 362 is a violation of the automatic stay. *See In re Jones*, 27 Bankr. 374 (Bankr. S.D. Ohio 1983); 11 U.S.C. § 362. Therefore, if the action could have been commenced against Nelsen's Tire by effecting service of process within 90 days of filing, as provided by RCW 4.16.170, the stay resulting from a bankruptcy proceeding occurring within that period would indeed have tolled the running of the statute of limitations. However, Kiehn misconstrues the

[2]11 U.S.C. § 362 (Supp. 3, 1985) provides, in part:

"(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of—

"(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;"

purpose of the 90–day time period provided in RCW 4.16-.170, as well as its relevance to Nelsen's Tire. The time period provided for in RCW 4.16.170 is not an extension of the statute of limitations. *Campbell v. Thunderbird Trucking & Constr., Inc.*, 30 Wn. App. 496, 501, 636 P.2d 494 (1981), *rev'd on other grounds sub nom. Hall v. Niemer*, 97 Wn.2d 574, 649 P.2d 98 (1982). Instead, the 90 days simply allows a plaintiff, who has tentatively commenced an action against a party by filing a complaint just before the pertinent statute of limitations runs, to perfect the commencement of the action by serving that party, even after the statute runs, as long as it is within 90 days of the date the complaint was filed. *Fox v. Groff*, 16 Wn. App. 893, 895, 559 P.2d 1376 (1977).

Kiehn's argument that the bankruptcy proceeding tolls the statute of limitations fails. The 90 days provided for in RCW 4.16.170 allowed Kiehn only to perfect the action it had filed on November 26, 1980. Because Nelsen's Tire was not named in the original complaint, and the amendment naming it did not relate back, as we indicated above, Nelsen's Tire was not a party to the November 26, 1980 action. Therefore, the 90–day time period to serve process has no application to Nelsen's Tire. The fact that Nelsen's Tire was involuntarily placed in bankruptcy on December 18, 1980 is irrelevant, the statute of limitations having already run on December 2, 1980.[3]

---

[3]Our conclusion is supported by the recent decision of the United States Supreme Court in *Schiavone v. Fortune*, ___ U.S. ___, 91 L. Ed. 2d 18, 106 S. Ct. 2379, 2380 (1986). In *Schiavone*, plaintiffs filed a complaint on May 9, 1983, alleging that the defendant libeled plaintiffs in a story appearing in the May 31, 1982 issue of Fortune magazine. The complaint named Fortune as the defendant, describing it as "'a foreign corporation having its principal offices at Time and Life Building'" in New York City. Realizing that they should instead have named Time, Incorporated, in the complaint, plaintiffs amended the complaint on July 19, 1983 to substitute "Time" for "Fortune." The District Court dismissed the complaint because the applicable 1–year statute of limitations had run. The court held that the amendment did not relate back to the original complaint under Federal Rule of Civil Procedure 15(c), because the plaintiffs had not demonstrated that Time received notice of the institution of the action within the 1–year statute of limitations. *The court further held that the period within which the*

Kiehn may not take advantage of Nelsen's Tire's bankruptcy to extend the statute of limitations beyond its legal life. Statutes of limitations are intended to protect parties against stale claims because they are more likely to consist of untrustworthy evidence than are fresh claims. *Kittinger v. Boeing Co.*, 21 Wn. App. 484, 487, 585 P.2d 812 (1978). Allowing Kiehn's action here would contravene the purpose of the statute of limitations.

Accordingly, we reverse and vacate the judgment. We remand with instructions to dismiss the case.

WORSWICK, C.J., and REED, J., concur.

Reconsideration denied October 7, 1986.

Review denied by Supreme Court January 6, 1987.

*substituted defendant must receive notice under rule 15(c) does not include the time available for service of process.*