# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| DERRICK GALLARD, | ) | NO. 68512-1-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| JOHN ANDERSON and DOLORES | ) | |
| ANDERSON and the marital | ) | |
| community thereof, RAYMOND and | ) | |
| ARDIS DUMETT and the marital | ) | |
| community thereof, THE RAYMOND- | ) | |
| ARDIS DUMETT TRUST, DOES 1-25, | ) | |
| | ) | |
| Respondents. | ) | FILED: November 18, 2013 |
| | ) | |

LEACH, C.J. — Where a plaintiff seeks to amend a complaint to add a new defendant after the expiration of the statute of limitations, RCW 4.16.170 does not toll the statute of limitations unless the requirements of CR 15(c) for relation back of the amendment to the original complaint are satisfied. Because Derrick Gallard's amended complaint does not satisfy the requirements of CR 15(c), we affirm the trial court's dismissal of his claims against defendants not named or sufficiently described in his original complaint based on the expiration of the statute of limitations.

FACTS

On July 13, 2011, Derrick Gallard filed a personal injury suit in Whatcom County Superior Court against John and Dolores Anderson, their marital community, and "Does 1-25." Gallard alleged that he sustained debilitating injuries on July 14, 2008, while performing work at the direction of his landlords, the Andersons. The complaint does not attribute any particular action or status to "Does 1-25." On September 8, 2011, Gallard filed an amended complaint, including the following additional defendants: Raymond and Ardis Dumett, their marital community, and the Raymond-Ardis Dumett Trust. The amended complaint alleges that the Dumetts and the Dumett Trust (Dumetts) owned the property at which the injury occurred and approved and authorized the Andersons to employ Gallard to perform work at the property. Gallard served Ardis Dumett with the amended complaint on September 15, 2011.

On January 9, 2012, the Dumetts filed a motion to dismiss, claiming the statute of limitations barred Gallard's suit. In response, Gallard argued that he satisfied the requirements of RCW 4.16.005 and RCW 4.16.170 by filing the initial complaint within three years of the incident at issue and serving a named defendant within 90 days. He claimed the amended complaint relates back to the initial complaint under CR 15(c). Gallard also argued that fundamental

fairness required the trial court to deny the Dumetts' motion. The trial court granted the Dumetts' motion to dismiss.

Gallard appeals.

## ANALYSIS

Relying on RCW 4.16.170, Gallard argues that his filing of the initial complaint tolled the statute of limitations for 90 days, during which time he properly commenced the suit against the Dumetts by amending the complaint to include the Dumetts and serving the Dumetts. RCW 4.16.170 provides in pertinent part:

> For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint.

Contrary to Gallard's position, "[t]he time period provided for in RCW 4.16.170 is not an extension of the statute of limitations."[1] Instead, the statute allows a plaintiff,

> who has tentatively commenced an action against a party by filing a complaint just before the pertinent statute of limitations runs, to perfect the commencement of the action by serving that party, even after the statute runs, as long as it is within 90 days of the date the complaint was filed.[2]

---

[1] Kiehn v. Nelsen's Tire Co., 45 Wn. App. 291, 298, 724 P.2d 434 (1986).
[2] Kiehn, 45 Wn. App. at 298.

By filing a complaint within the limitation period and serving at least one named defendant within 90 days of filing, a plaintiff tolls the statute of limitations as to all named defendants.[3]

But RCW 4.16.170 does not allow tolling as to unnamed defendants who have not been identified with sufficient particularity before the expiration of the statute of limitations.[4] Although a plaintiff may designate a defendant by any name when the defendant's true name is unknown,[5] the substitution of a true name for an unknown party constitutes an amendment substituting or changing parties.[6] If this occurs, the amendment relates back to the date of the original pleading only when the requirements of CR 15(c) are satisfied.[7] RCW 4.16.170 does not "extend the time for naming all necessary parties; any such party not named in the original timely complaint can only be added thereafter under CR 15(c)."[8]

---

[3] Sidis v. Brodie/Dohrmann, Inc., 117 Wn.2d 325, 329-31, 815 P.2d 781 (1991).

[4] Iwai v. State, 76 Wn. App. 308, 312, 884 P.2d 936 (1994) (reference in complaint to "John Doe defendants allegedly 'negligent or otherwise responsible'" did not sufficiently identify particular defendant so as to justify tolling); Bresina v. Ace Paving Co., 89 Wn. App. 277, 282, 948 P.2d 870 (1997) (timely filing and serving a named defendant will toll period for filing suit against unnamed defendant only if plaintiff identifies unnamed defendant with "reasonable particularity" before statute of limitations expires).

[5] CR 10(a)(2).

[6] Kiehn, 45 Wn. App. at 295.

[7] Kiehn, 45 Wn. App. at 295.

[8] Tellinghuisen v. King County Council, 103 Wn.2d 221, 223, 691 P.2d 575 (1984).

CR 15(c) provides:

> **Relation Back of Amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

We review a trial court's ruling under CR 15(c) to determine whether the requirements of the rule were satisfied.[9] Courts liberally construe CR 15(c) in favor of allowing relation back of an amendment adding or substituting a new party where the opposing party will be put to no disadvantage.[10]

In addition to the requirements of CR 15(c), an amended complaint changing or adding a defendant will not relate back if the original omission of the defendant resulted from "inexcusable neglect."[11] Inexcusable neglect exists where a party is ascertainable upon reasonable investigation and no reason for

---

[9] Perrin v. Stensland, 158 Wn. App. 185, 193, 240 P.3d 1189 (2010).
[10] Perrin, 158 Wn. App. at 194.
[11] Haberman v. Wash. Pub. Power Supply Syst., 109 Wn.2d 107, 174, 744 P.2d 1032, 750 P.2d 254 (1987) ("[I]n cases where leave to amend to add additional defendants has been sought, this court has clearly held that inexcusable neglect alone is a sufficient ground for denying the motion.").

the initial failure to name the party appears in the record.[12] The party relying on CR 15(c) must demonstrate that any neglect was excusable.[13]

The first CR 15(c) factor is met here. The original and amended complaint arise out of the same incident in which Gallard sustained injuries while working at the identified property in exchange for a reduction in rent.

While the question of prejudice may be arguable, as to the second and third factors, nothing in the record indicates that "within the applicable statute of limitations," the Dumetts received notice of the suit or knew or should have known that the action would have been brought against them.[14] Gallard does not argue or identify any evidence in the record to demonstrate that the Dumetts knew of the injuries he suffered on July 14, 2008, or the original complaint he filed on July 13, 2011, any time before he served them with the amended complaint on September 15, 2011. Because the second and third CR 15(c)

---

[12] Haberman, 109 Wn.2d at 174.

[13] Perrin, 158 Wn. App. at 197-99.

[14] Teller v. APM Terminals Pac., Ltd., 134 Wn. App. 696, 706, 142 P.3d 179 (2006) (three conditions of CR 15(c) are (1) claim arising from same conduct in original and amended pleading; (2) "within the applicable statute of limitations," new party has received notice of the action such that it will not be prejudiced in maintaining a defense on the merits; and (3) "within the applicable statute of limitations," new party knew or should have known that but for a mistake of identity, action would have been brought against proper party).

factors were not met, the amended complaint cannot relate back to the timely filed original complaint.[15]

And Gallard fails to demonstrate that excusable neglect explains his omission of the Dumetts from the original complaint. Gallard admits that the public record discloses Dumetts' ownership of the property where the incident occurred. "[F]ailure to name a party in an original complaint is inexcusable where the omitted party's identity is a matter of public record."[16]

Gallard also asserts, as he did before the trial court, that fundamental fairness requires the denial of the Dumetts' request for dismissal of his claim. We will not address this argument because Gallard cites no authority to support it.[17]

In sum, RCW 4.16.170 allowed Gallard to perfect the action he filed on July 13, 2011, within 90 days. Because the Dumetts were not named in the original complaint and the amendment naming the Dumetts did not relate back,

---

[15] Kiehn, 45 Wn. App. at 296 (where defendant to be added by amended complaint did not receive notice of suit within "the 3-year statute of limitations period" and had no knowledge action would be brought against it, but for a mistake, amended pleading did not relate back to original complaint).

[16] Teller, 134 Wn. App. at 707.

[17] RAP 10.3(a)(6); McKee v. Am. Home Prods. Corp., 113 Wn.2d 701, 705, 782 P.2d 1045 (1989).

the Dumetts were not a party to the July 13, 2011, action. Therefore, the 90-day

time period to serve process has no application to the Dumetts.[18]

Affirmed.

_Leach, C.J._

WE CONCUR:

_Spearman, J._                                          _Becker, J._

---

[18] Kiehn, 45 Wn. App. at 298.