[No. 10881-6-I.   Division One.   July 2, 1984.]

JOHN E. TELLINGHUISEN, ET AL, *Appellants,* v. KING COUNTY COUNCIL, ET AL, *Respondents.*

*Harris & Weiser* and *Virginia Hurlbut–Weiser,* for appellants.

*Norm Maleng, Prosecuting Attorney, Stephen O. Kenyon, Deputy, Durning, Webster & Lonnquist, Marvin B. Durning, James H. Webster,* and *Elissa P. Jacobs,* for respondents.

SCHOLFIELD, J.—John E. and Agnes M. Tellinghuisen, husband and wife, appeal a superior court order dismissing their application for writ of review of a King County Council zoning reclassification. We reverse and remand.

On August 3, 1981, the King County Council passed an ordinance reclassifying the property owned by R. P. and Michael D. Tawney and their wives. The property was

being leased to Fall City Welding, Inc., a welding shop. Fall City Welding, Inc., was the applicant for the reclassification of the property. The record is inexplicably incomplete in showing the relationship of R. P. and Michael D. Tawney to Fall City Welding, Inc. The Tellinghuisens' brief states that the registered agent of the corporation is respondent, Michael D. Tawney, who is also president and secretary–treasurer; his wife is vice–president. Respondents do not deny this. While this information is not properly before us since briefs are not a part of the record, the information is consistent with the record. A corporation must act through someone. From the entire record, we infer that Michael D. Tawney acted as an agent for Fall City Welding throughout these proceedings.

On August 24, 1981, the Tellinghuisens filed a petition for writ of review of the rezone ordinance in King County Superior Court. King County and the King County Council were served with a summons, complaint, motion and order to show cause on the same day. The next day, August 25, attorney Marvin Durning, who had represented respondents Tawney and Fall City Welding, Inc., during the rezone proceedings, was given copies of the summons and complaint. R. P. and Michael D. Tawney were personally served on September 1, 1981. Fall City Welding, Inc., and the marital communities of the Tawneys were not named in the petition for writ of review.

Finding that the 20–day appeal period expired August 24, the trial judge ordered dismissal of the petition for the writ for failure to serve the complaint for judicial review within the 20 days and for failure to join all indispensable parties within the same period. King County Code 20.24.210.[1] During the hearing on the motion to dismiss,

---

[1]King County Code 20.24.210 (now codified in 20.24.240) provided in part as follows:

"Review of final decisions. A. Decisions of the council in cases identified in Section 20.24.070 shall be final and conclusive action unless within twenty calendar days . . . from the date of the council's adoption of an ordinance an aggrieved person applies for a writ of certiorari from the Superior Court . . . for the purpose

the Tellinghuisens moved to join the corporation and the marital communities; this motion was denied.

The Tawneys concede that as a result of *North St. Ass'n v. Olympia,* 96 Wn.2d 359, 635 P.2d 721 (1981), decided 6 weeks after the trial judge's action here, it was error to conclude that both filing and service of the complaint must be accomplished within the 20–day period. *North Street* held that when the petition has been filed within the 20–day period, the petitioner has 90 days to accomplish service, as is provided for in RCW 4.16.170,[2] which governs the tolling of statutes of limitation. Thus, the only issue on appeal is whether the Tellinghuisens should have been allowed to amend their petition to name the corporation and the wives of R. P. and Michael D. Tawney as indispensable parties and be afforded the relation back privilege of CR 15(c).[3]

---

of review of the action taken; provided, no development or related action may occur during said twenty–day . . . appeal period."

[2]RCW 4.16.170 provides, in part:

"For the purpose of tolling any statute of limitations an action shall be deemed commenced when the complaint is filed or summons is served whichever occurs first. If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally . . . within ninety days from the date of filing the complaint."

[3]The appellant has not raised the issue of whether a relation back is necessary on the facts of this case. We decide the case on the assumption that it is. However, there is good reason to doubt that the relation back advantage of CR 15(c) serves any purpose in this case.

The 1966 amendment to rule 15 of the Federal Rules of Civil Procedure in respect to relation back was believed necessary because when a new defendant was added after running of the statute of limitations, it was considered a "new proceeding" commenced after the statute had run and was therefore barred. *Cohn v. Federal Sec. Admin.,* 199 F. Supp. 884 (W.D.N.Y. 1961); Fed. R. Civ. P. 15(c) advisory committee note.

Under our procedures for commencing actions, we allow service of process as a matter of right *after* the statutory period has expired. *North St. Ass'n v. Olympia, supra.* We do this by reason of RCW 4.16.170, which provides that filing within the statutory period tolls the statute. A requirement of "relation back" has not been imposed on this statutorily prescribed method of commencing legal actions. Serving a party added by amendment after the statutory period but within the 90 days cannot be distinguished from serving within the 90 days a party named in

The Tawneys first contend that amendment should not be allowed where there is no evidence those parties had actual notice of the appeal before the end of the 20 days. CR 15(c) provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

CR 15(c) is to be liberally construed to allow relation back where the opposing party is put to no disadvantage. *Lind v. Frick,* 15 Wn. App. 614, 617, 550 P.2d 709 (1976). An amendment adding a party following the running of the statute of limitations will relate back to the date of the original pleading if (1) the amended pleading arose out of the transaction set forth in the original pleading, (2) the new party received notice of the action within the statute of limitations, (3) the new party has received such notice that he will not be prejudiced in maintaining a defense on the merits, and (4) the new party knew or should have known that but for a mistake concerning the identity of the proper party, the action should have been brought against him. *Anderson v. Northwest Handling Sys., Inc.,* 35 Wn. App. 187, 190, 665 P.2d 449 (1983).

We interpret CR 15(c) to include in "the period pro-

---

the original complaint. Both may receive their first notice of the action after the statutory period. The relation–back provisions of CR 15(c) apparently serve no useful purpose in Washington under factual patterns such as we have here where a petitioner seeks to add new parties during the 90–day period. It thus appears that CR 15(c) would be required only where amendment is sought after the 90–day period has expired.

vided by law for commencing the action" the 90 days during which the statute of limitations is tolled. While there is a split of authority on this issue, we believe this is the better view. *See Swann Oil, Inc. v. M/S Vassilis,* 91 F.R.D. 267 (E.D.N.C. 1981) (holding that the "period provided by law" includes the reasonable time allowed for service of process under federal law). *But see Tretter v. Johns–Manville Corp.,* 88 F.R.D. 329 (E.D. Mo. 1980). This interpretation avoids the anomaly of requiring, in some cases, earlier notice to parties not named in the original complaint than to named parties.

An amended pleading to name Fall City Welding, Inc., and the marital communities would arise out of the same zoning reclassification procedure set forth in the original pleading. The petition for writ of review was filed on the last day of the 20–day period. Under RCW 4.16.170, the statute of limitations was tolled on that day and the Tellinghuisens had 90 days in which to serve all necessary parties. *North St. Ass'n v. Olympia, supra.* Thus, on September 1 when R. P. and Michael D. Tawney were served, they received notice of the action within the tolled statutory period. Because they were agents of the corporation and members of the marital communities, those new parties received actual notice of the action on that date. *Miller v. Issaquah Corp.,* 33 Wn. App. 641, 657 P.2d 334 (1983).[4] Upon service to the Tawneys, the new parties received notice sufficient that they would not be prejudiced in maintaining a defense on the merits. The new parties were not entitled to rely on the defense of the statute of limitations until the 90–day period had run. Finally, the corpora-

---

[4]*Wirtz v. Mercantile Stores, Inc.,* 274 F. Supp. 1000 (E.D. Okla. 1967) permitted relation back where the new party to be added as defendant was a wholly owned subsidiary of the original corporate defendant.

For other cases holding that notice requirements under the federal rule are met when an agent of the party to be brought in was served in the original action, *see* Annot., *Sufficiency of Notice or Knowledge Required Under Rule 15(c)(1)(2) of Federal Rules of Civil Procedure Dealing With Relation Back of Amendments Changing Parties Against Whom Claim Is Asserted,* 11 A.L.R. Fed. 269, 282 (1972). *See also* 3 J. Moore, *Federal Practice* ¶ 15.15[2], at 15–192 (2d ed. 1983).

tion and the marital communities should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against them.

The Tawneys contend the Tellinghuisens may not amend their complaint because their original failure to include the indispensable parties was due to inexcusable neglect. *North Street* held that a plaintiff may not amend a complaint to relate back if the original failure to name all indispensable parties is the result of inexcusable neglect.

*North Street* was filed 2 months after the plaintiffs' petition was filed and 6 weeks after the trial court heard and decided respondents' motion to dismiss. There is nothing in the literal requirements of CR 15 that would put a party on notice that he must demonstrate absence of inexcusable neglect in order to have the advantages of the rule. The *North Street* decision denying amendment because of inexcusable neglect had the effect of amending the rule without prior notice.

■ There is nothing in the trial court's findings about inexcusable neglect. We are convinced it would be unjust to impose the "inexcusable neglect" condition upon the Tellinghuisens in this case and then dismiss because they did not make a showing in regard to inexcusable neglect before the trial court. The Supreme Court did this in the *North Street* case, but we choose not to impose the "inexcusable neglect" test of *North Street* upon a litigant who filed a petition 2 months before the *North Street* opinion was filed.

The order of the trial court dismissing the complaint is reversed with directions to allow amendment of the complaint and to allow trial on the merits as to all indispensable parties named and served within 75 days following mandate of the case.

SWANSON, J., and JOHNSEN, J. Pro Tem., concur.

Review granted by Supreme Court September 27, 1984.