[No. 50792–9.  Department Two.  December 6, 1984.]

JOHN TELLINGHUISEN, ET AL, *Respondents,* v. KING COUNTY COUNCIL, *Respondent,* RICHARD TAWNEY, ET AL, *Petitioners.*

*Durning, Webster & Lonnquist, Marvin B. Durning,* and *Lynn D. Weir,* for petitioners.

*Harris & Weiser* and *Virginia Hurlbut–Weiser,* for respondents.

PER CURIAM.—Richard and Michael Tawney petition for review of the Court of Appeals decision which declined to

apply the rule stated in *North St. Ass'n v. Olympia,* 96 Wn.2d 359, 635 P.2d 721 (1981) to a case which arose before *North Street* was decided. We reverse.

John and Agnes Tellinghuisen live across the street from property owned by the Tawneys and their wives. When the Tellinghuisens complained to King County about the noise emanating from a welding shop on the Tawneys' property, the County filed an abatement action against the Tawneys. The Tawneys then applied for a rezone to change the classification of the welding shop property from residential to manufacturing.

The County Council granted the rezone request on August 3, 1981. On Monday, August 24, the Tellinghuisens filed in King County Superior Court a petition for a writ of review of the Council's action. Process was served on King County and the County Council that day. The next day, the Tellinghuisens served copies of their pleadings on attorney Marvin Durning. Durning had represented the Tawneys and the welding shop (a corporation leasing the property from the Tawneys) in the rezone proceedings. Richard and Michael Tawney were not personally served until September 1. Neither the Tawneys' marital communities nor the welding shop were named as defendants in the Tellinghuisens' pleadings.

The trial court agreed with the defendants that the Tellinghuisens had failed to timely join all necessary parties. The court also denied the Tellinghuisens' oral motion to amend their complaint to join the marital communities and the welding shop. Accordingly, the trial court dismissed the application for a writ of review.

While the Tellinghuisens' appeal was pending, this court held that an amendment changing a party defendant will not relate back to the date of the original pleading, under CR 15(c), if the original omission was due to inexcusable neglect. *North St. Ass'n v. Olympia, supra* at 368. The Court of Appeals in the present case acknowledged *North Street,* but believed that it "had the effect of amending [CR 15(c)] without prior notice." *Tellinghuisen v. King Cy.*

*Coun.,* 38 Wn. App. 24, 30, 684 P.2d 748 (1984). The Court of Appeals thus concluded that it would be unfair to apply the holding in *North Street* in the present case. Finding the remaining requirements of CR 15(c) to be satisfied, the Court of Appeals reversed the trial court's ruling and remanded with directions to allow the Tellinghuisens' amendment and consider their application for a writ of review.

We disagree with the reasoning employed by the Court of Appeals.

Pursuant to King County Code 20.24.240, the Tellinghuisens had 20 days to file their action in the superior court. They then had, under RCW 4.16.170, "an additional 90 days to serve all necessary parties." This statute does not, however, extend the time for naming all necessary parties; any such party not named in the original timely complaint can only be added thereafter under CR 15(c). *North St. Ass'n v. Olympia, supra.*[1]

As we said in *North Street,* an amendment adding a party will relate back to the date of the original pleading if three conditions are met. First, the added party must have had notice of the original pleading, so that he will not be prejudiced by the amendment. CR 15(c)(1). Second, the added party must have had actual or constructive knowledge that, but for a mistake concerning the proper party, the action would have been brought against him. CR 15(c)(2). Finally, the plaintiff's failure to timely name the correct party cannot have been "due to inexcusable neglect." *North St. Ass'n v. Olympia, supra* at 368.

---

[1]In footnote 3 of its opinion, the Court of Appeals expressed the view that use of the "relation back" aspect of CR 15(c) may be "required only where amendment is sought after the 90-day [service] period has expired." *Tellinghuisen v. King Cy. Coun.,* 38 Wn. App. 24, 27 n.3, 684 P.2d 748 (1984). We implicitly rejected this notion in *North Street.* In one of the consolidated cases we decided in that opinion, the aggrieved party, like the Tellinghuisens, attempted to join a necessary party after the prescribed filing period, but within the 90-day statutory service period. We nonetheless upheld the trial court's dismissal of that action because the failure timely to join the necessary party was due to inexcusable neglect. *North St. Ass'n v. Olympia, supra* at 362, 367–69.

■ The Court of Appeals erred in characterizing this third requirement as an amendment to CR 15(c). We held in *North Street* that the adoption of CR 15(c) did not change prior law. *North St. Ass'n v. Olympia, supra* at 368 (citing *Upshaw v. Equitable Life Assur. Soc'y of United States,* 85 F.R.D. 674, 678 (E.D. Ark. 1980)); 3 J. Moore, *Federal Practice* ¶ 15.15, at 15–231 (2d ed. 1980). Accordingly, there is nothing "new" in *North Street* to be given prospective effect only. *See South Hollywood Hills Citizens Ass'n v. King Cy.,* 101 Wn.2d 68, 677 P.2d 114 (1984) (applying the *North Street* rule to a case which arose before *North Street* was filed).

Considering the facts presented here, it is clear that the Tellinghuisens' failure initially to name all necessary parties is inexcusable. As in *South Hollywood Hills,* the identity of the omitted parties was a matter of public record. *See South Hollywood Hills Citizens Ass'n v. King Cy., supra* at 77. The Tellinghuisens have offered no cogent explanation for failing to name those parties.

The Court of Appeals opinion is reversed. The trial court's order dismissing the complaint is reinstated.