[No. 7998–4–II. Division Two. December 29, 1986.]

FOOTHILLS DEVELOPMENT CO., *Appellant,* v. CLARK COUNTY BOARD OF COUNTY COMMISSIONERS, ET AL, *Respondents.*

---

*Brian H. Wolfe, Wolfe, Mullins, Hannan & Mercer, P.S., Edward L. Dunkerly,* and *Ihringer & Dunkerly,* for appellant.

*Arthur D. Curtis, Prosecuting Attorney,* and *Richard S. Lowry, Deputy; Willard Walker* and *Klingberg, Walker, Reitsch & Twining,* for respondents.

ALEXANDER, J.—Foothills Development Company appeals the trial court's orders: (1) denying its motion to join Clark County as a defendant, and (2) dismissing its action against the Clark County Board of Commissioners. We affirm.

On November 2, 1978, Foothills filed an "Application for Writ of Review, Complaint for Declaratory Judgment and Complaint for Money Damages" in Clark County Superior

Court. Foothills named the "Clark County Board of County Commissioners: Richard Granger, Bruce Frickelton, and Connie Kearney" as the only defendants. Foothills claimed in its pleadings that the Board had acted arbitrarily and capriciously and had exceeded its statutory authority in modifying Foothills' preliminary plat. The Board's clerk acknowledged receipt of the pleadings on behalf of the Board.

The Board filed a motion, pursuant to CR 12(b)(7), to dismiss the entire action for what it alleged was Foothills' failure to join persons necessary for just adjudication.[1] Shortly thereafter, the Board filed another motion for partial dismissal of the action, contending that Foothills had failed to state a cause of action upon which relief could be granted. The trial court denied both motions.

Foothills then filed a motion to amend its complaint and for joinder of Clark County as a defendant. Attached to the motion was a copy of a "proposed" amended complaint, in which Clark County was named as a defendant. Foothills' attorney noted the motions for a hearing to be held on March 14, 1980. However, apparently to accommodate one of the defense attorneys, Foothills' attorney agreed to reset the motion for a hearing date to be held *after* the conclusion of the writ of review proceedings.

The review proceedings were concluded on December 31, 1980.[2] However, the trial court did not hear Foothills' motion to amend its complaint and for joinder of Clark County until January 11, 1984.

Foothills' attorney stated in his affidavit in support of the motion that he became aware in reviewing the file in

---

[1]The Board claimed that the indispensable parties were certain named property owners. The Board did not claim that Clark County was an indispensable party.

[2]The trial court decided to resolve the writ of review before hearing Foothills' claim for damages. In the review proceedings the trial court concluded that some of the conditions imposed by the Board were arbitrary and capricious. Consequently, the trial court modified some of the conditions.

January 1983 that no order had ever been entered concerning Foothills' motion to amend the complaint to join Clark County. The County opposed the joinder, contending that joinder should not be permitted for the reason that the statute of limitations had run on any claim against the County. The County argued that an amended complaint adding Clark County as a party should not relate back to the date that Foothills originally filed its complaint, because Foothills had failed to meet its burden of proving that (1) the delay would not prejudice the County in maintaining a defense on the merits, and (2) that Foothills' failure to amend its complaint to join the County was excusable. An attorney for the Board stated in his brief opposing the joinder of the County that the attorneys for the Board would represent Clark County as well, if Clark County were joined as a defendant. The attorneys for the County and the Board conceded that Clark County had notice that it might be named as a defendant as early as February 1980. The trial court denied Foothills' motion to join Clark County as a defendant, but it permitted Foothills to amend its complaint to make its damage statement and request for declaratory judgment more definite.

The Board next filed a motion for a summary judgment dismissing the named commissioners as defendants, contending that the individual commissioners had never been served personally with a copy of the summons and complaint in the lawsuit. The trial court granted the Board's motion and entered an order dismissing the individual commissioners from the case. Foothills did not appeal that decision. The "Board," as distinguished from its commissioners, remained in the case.

Foothills filed its amended complaint pursuant to the Court's order on February 8, 1984. In response, the Board filed an answer alleging as an affirmative defense that the Board was not a legal entity that could be sued. The Board then filed a motion to dismiss the action against the Board for that reason, and the trial court granted the motion. Foothills appeals to this court, alleging that the trial court

erred in denying its motion for joinder of Clark County and in granting the Board's motion to dismiss.

## DENIAL OF JOINDER MOTION

We first consider whether the trial court abused its discretion in denying Foothills' motion to amend the complaint in order to join Clark County as a defendant. We conclude that the trial court did not err.

Motions to amend are governed by CR 15(a).[3] Here, the original motion for joinder of the County was brought pursuant to CR 19 (Joinder of Persons Needed for Just Adjudication). However, argument on the motion focused on the propriety of permitting the joinder of Clark County after the statute of limitations had apparently expired on Foothills' claim against the County. Foothills argued that if it were permitted to join Clark County, its amended complaint would relate back to the date the action was originally commenced, a date which was long before expiration of the statute of limitations.[4]

Apparently the trial court focused on the relation back issue in ruling on the joinder motion, finding it necessary to determine whether an amended complaint adding the County as a party would relate back to the date the suit was originally filed. This was a critical issue because if an amended complaint would not relate back, then justice

---

[3]CR 15(a) provides:

"(a) **Amendments.** A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise, a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders."

[4]The parties all agree that, absent relation back of an amended complaint under CR 15(c), a 3-year statute of limitations applied and that the statute of limitations had run against Foothills' claim against the County on October 4, 1981.

would hardly be served by permitting the amendment adding the County as a party, if the claim against the County would then be subject to dismissal for the reason that it was filed after the expiration of the applicable statute of limitations.[5] In order to determine if the trial judge was correct, we must analyze the provisions of CR 15(c) that govern the relation back of amendments.

A determination of relation back under CR 15(c)[6] rests within the discretion of the trial court and will not be disturbed on appeal absent a manifest abuse of discretion. *Caruso v. Local 690, Int'l Bhd. of Teamsters*, 100 Wn.2d 343, 351, 670 P.2d 240 (1983). The Washington Supreme Court in *Tellinghuisen v. King Cy. Coun.*, 103 Wn.2d 221, 223, 691 P.2d 575 (1984) held that an amendment adding a party will relate back to the date of the original pleading if three conditions are met:

> First, the added party must have had notice of the original pleading, so that he will not be prejudiced by the amendment. CR 15(c)(1). Second, the added party must have had actual or constructive knowledge that, but for a mistake concerning the proper party, the action would have been brought against him. CR 15(c)(2). Finally, the

---

[5]The relation back issue arose in an unusual way before the trial court. The court could have permitted the joinder, without considering the issue of relation back, and then faced that issue in a subsequent motion to dismiss the County as a defendant on the grounds that the statute of limitations had expired. The trial court perhaps decided, with some justification, that judicial economy would dictate that the relation back issue be dealt with at the hearing on the motion for joinder of the County.

[6]CR 15(c) provides:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

plaintiff's failure to timely name the correct party cannot have been "due to inexcusable neglect."

(Citations omitted.) *Tellinghuisen,* 103 Wn.2d at 223.

■ The burden of proof is on the party seeking the relation back of an amendment to prove the conditions precedent under CR 15(c). *Anderson v. Northwest Handling Sys., Inc.,* 35 Wn. App. 187, 191, 665 P.2d 449 (1983). The moving party also has the burden of proving that the mistake in failing to amend in a timely fashion was excusable. *Woodcrest Inv. Corp. v. Skagit Cy.,* 39 Wn. App. 622, 626, 694 P.2d 705 (1985). When no reason for the omission appears from the record, the omission will be characterized as inexcusable. *North St. Ass'n v. Olympia,* 96 Wn.2d 359, 369, 635 P.2d 721 (1981). The absence of any of the CR 15(c) elements is fatal to the relation back of an amended complaint. *Kiehn v. Nelsen's Tire Co.,* 45 Wn. App. 291, 724 P.2d 434 (1986).

Clark County argued that it would be prejudiced in maintaining a defense on the merits if the court allowed an amendment adding it as a party to relate back. We find it unnecessary to address this issue because we find that the trial court properly concluded, under CR 15(c), that there should be no relation back because Foothills failed to meet its burden of proving that the failure to amend its complaint in a timely fashion was excusable.

RCW 36.01.020 provides that the County itself, not its Board of County Commissioners, "must be" designated in any action "touching its corporate rights, property, and duties." Therefore, the statute put Foothills on notice before the statute of limitations expired that Clark County was a proper party to the action. Indeed, Foothills' attorney, before expiration of the statute of limitations, filed and noted a motion to amend its complaint in order to add Clark County. This strongly suggests that Foothills was aware that the County should have been joined as a defendant. Despite this, Foothills did not renote its motion for joinder or in any way seek to have the proper order entered until long after the statute of limitations had run.

Even after the writ of review proceedings were concluded, some 10 months remained before the statute of limitations expired within which Foothills could have sought to perfect the amendment of its complaint. Under these circumstances, we can only conclude, as did the trial court, that failure to add Clark County as a proper party in a timely fashion was inexcusable.

Foothills appears to argue that because the County's counsel knew about the action because they were also the Board's counsel, they had some duty to inform Foothills that the County should be joined before the statute of limitations expired. We disagree. Even if a party has actual knowledge of the pendency of litigation, a defendant who has not been served has no duty to intervene in an action. *Meadowdale Neighborhood Comm. v. Edmonds*, 27 Wn. App. 261, 267–68, 616 P.2d 1257 (1980). The fact that the Board and the County had the same counsel is not significant. An attorney, as the client's agent, has the duty to obey his client's reasonable instructions and directions. *Cultum v. Heritage House Realtors, Inc.*, 103 Wn.2d 623, 632, 694 P.2d 630 (1985). There was no evidence that the County instructed its attorneys to seek intervention of the County as a defendant, and it would have been improper for the County's counsel to do so without direction from his client.

## CAPACITY TO BE SUED

Foothills assigns error to the trial court's dismissal of the Board of County Commissioners. It argued that the trial court incorrectly concluded that the Board was not a legal entity that could be sued. In order to determine whether the Board of County Commissioners is a separate legal entity, this court must examine the enactment providing for the establishment of the Board. *See Roth v. Drainage Imp. Dist. 5*, 64 Wn.2d 586, 588, 392 P.2d 1012 (1964). RCW 36.32 is the legislative enactment establishing county commissioners. Under RCW 36.32.120(6), county commissioners "shall . . . *in the name of the county* prose-

cute and defend all actions for and against the county . . ."
(Italics ours.) This section does not give the Board the
authority to prosecute and defend all actions in its own
name. If the Legislature had intended to give the Board
of County Commissioners this authority, it could have
included such authority in this provision.

By contrast, the Legislature has specifically provided
that counties have capacity to sue and be sued. Former
RCW 36.01.010 provides:

> The several counties in this state shall have capacity as
> bodies corporate, to sue and be sued in the manner pre-
> scribed by law; to purchase and hold lands within their
> own limits; . . .

We agree with what Foothills appeared to concede at oral
argument, that the Clark County Board of County Com-
missioners is not a separate entity that has the capacity to
be sued.

### WAIVER OF LACK OF CAPACITY DEFENSE

Foothills argues that the Board waived its right to assert
the defense of lack of capacity to be sued because the
Board did not raise this defense when the Board made a
motion to dismiss for failure to add indispensable parties in
February 1979. This argument is without merit.

Certain defenses are waived if not included in prelimi-
nary motions or responsive pleadings. CR 12(h).[7] Under
CR 12(h)(2), however, waiver does not apply to other de-
fenses:

> (2) A defense of failure to state a claim upon which
> relief can be granted, a defense of failure to join a party
> indispensable under rule 19, . . . may be made in any
> pleading permitted or ordered under rule 7(a), or by
> motion for judgment on the pleadings, or at the trial on

---

[7]CR 12(h)(1) provides:

"A defense of lack of jurisdiction over the person, improper venue, insuffi-
ciency of process, or insufficiency of service of process is waived (A) if omitted
from a motion in the circumstances described in section (g), or (B) if it is neither
made by motion under this rule nor included in a responsive pleading or an
amendment thereof permitted by rule 15(a) to be made as a matter of course."

the merits.

(3) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

Thus, the Board did not waive its defense of "failure to state a claim upon which relief can be granted" when it failed to include a motion attacking its capacity to be sued in its initial motion to dismiss for failure to join indispensable parties.

■ Foothills contends that CR 9 must be read in conjunction with CR 12(h). Under CR 9(a), "[w]hen a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued . . . he shall do so by specific negative averment . . ." Yet the court in *Roth*, 64 Wn.2d at 587, held that the failure to include a specific averment in an answer does not constitute waiver, because the defense may be raised by motion and affidavits before trial. *See also Reese Sales Co. v. Gier*, 16 Wn. App. 664, 666, 557 P.2d 1326 (1977). Consequently, the Board did not waive its right to assert the defense of lack of capacity to be sued by failing to include a specific averment in its original answer.

Foothills finally claims that a judgment for damages against the Board would operate as a judgment against Clark County, even though Clark County was not a party. Because no judgment was entered against the Board, the Board having been properly dismissed as a party to the suit, it is not necessary for us to address that issue.

We affirm.

REED, A.C.J., and PETRICH, J., concur.

Review denied by Supreme Court March 31, 1987.