[No. 24354–3–I.   Division One.   August 20, 1990.]

JACK CULPEPPER, ET AL, *Appellants,* v. SNOHOMISH
COUNTY DEPARTMENT OF PLANNING AND
COMMUNITY DEVELOPMENT, COMMUNITY
DEVELOPMENT DIVISION,
*Respondent.*

*Richard L. Gemson,* for appellants.

*Seth R. Dawson, Prosecuting Attorney,* and *Traci M.
Goodwin, Deputy,* for respondent.

SCHOLFIELD, J.—Jack Culpepper appeals the trial court's order denying his motion to amend his pleadings, and granting Snohomish County's motion to dismiss for failure to join the County as a party. We reverse.

## FACTS

Culpepper, the owner of property in Snohomish County, leased a large barn on his property to a Darigold milk distributor, Jim Disch. Disch was using the barn as a warehouse/distribution facility to enable a number of local route trucks to load before making delivery rounds. The property was zoned "rural conservation", which permits agriculture such as dairying to be conducted.

On November 15, 1988, Culpepper received a notice issued by the Community Development Division of the County Department of Planning and Community Development (hereinafter CDD), ordering him to discontinue the operation of the warehousing/distribution center because it was in violation of the county zoning code. Culpepper's counsel filed a request for appeal of the notice and order.

Following a hearing, the hearing examiner issued an opinion on December 28, 1988, sustaining the notice and order of November 15, 1988. The decision listed Jack Culpepper as appellant, the Community Development Division of the Department of Planning and Community Development (CDD) as respondent. The decision further listed Robert E. Corning as a party of record,[1] and listed the Planning Division and the Community Development Division as other parties.

Upon receiving a copy of the hearing examiner's decision, Culpepper's attorney filed a petition for judicial review of the decision on January 11, 1989. The petition listed Jack Culpepper as petitioner, and the Snohomish County Department of Planning and Community Development, Community Development Division, as respondent. Culpepper asserts in his brief, and it was agreed at oral argument,

---

[1]Corning was initially Culpepper's attorney of record. There was a notice substituting Richard L. Gemson as counsel for Culpepper filed on April 17, 1989.

that the Snohomish County Auditor and the hearing examiner received copies of the petition.

On February 14, 1989, the Snohomish County prosecutor filed a "Special Notice of Appearance" on behalf of the Snohomish County Department of Planning and Community Development, Community Development Division. On that same date, the prosecutor also filed an answer on behalf of CDD, arguing that Culpepper had failed to join an indispensable party, Snohomish County, and arguing that CDD was not a natural or artificial person and therefore lacked capacity to be a party to the action.

On April 28, 1989, the prosecutor moved to dismiss the application for the writ of certiorari, arguing that Culpepper had failed, through inexcusable neglect, to name or serve parties necessary to the action. On May 16, 1989, Culpepper moved to amend the pleadings to change the name of the designated respondent/defendant from the Snohomish County CDD to Snohomish County, pursuant to CR 15(a).

After hearing oral argument, the trial court issued its memorandum opinion letter on June 2, 1989, in which the court granted CDD's motion to dismiss and denied Culpepper's motion to amend the pleadings. Culpepper timely filed a notice of appeal in this court.

### FAILURE TO NAME THE COUNTY AS A PARTY

RCW 36.01.010 and .020 provide as follows:

> **Corporate powers.** The several counties in this state shall have capacity as bodies corporate, to sue and be sued in the manner prescribed by law; to purchase and hold lands; to make such contracts, and to purchase and hold such personal property, as may be necessary to their corporate or administrative powers, and to do all other necessary acts in relation to all the property of the county.

RCW 36.01.010.

> **Corporate name.** The name of a county, designated by law, is its corporate name, and it must be known and designated thereby in all actions and proceedings touching its corporate rights, property, and duties.

RCW 36.01.020. There appears to be no dispute between the parties that CDD is not a natural or artificial person, capable of being sued. Therefore, in order for Culpepper to obtain relief from the CDD order, it was necessary for him to amend his pleadings and sue Snohomish County.

A motion to amend the pleadings is addressed to the sound discretion of the trial court and will not be overturned except for abuse of that discretion. CR 15(a) requires in part that "leave [for amendment] shall be freely given when justice so requires". This means the rule is to be liberally applied. *Sanwick v. Puget Sound Title Ins. Co.*, 70 Wn.2d 438, 445, 423 P.2d 624, 38 A.L.R.3d 315 (1967); 3 J. Moore, *Federal Practice* § 15.02 (2d ed. 1989).

In *Andrus v. Snohomish Cy.*, 8 Wn. App. 502, 507 P.2d 898 (1973), Andrus sought a writ of certiorari to review the granting of a conditional use permit to Crow. The initial writ was styled as "Dwight Andrus vs. County of Snohomish and Its Board of Adjustment", and made no mention of Crow as the beneficiary of the Board's decision on the conditional use permit, nor was Crow ever served with the writ. *Andrus,* at 503. The issue on appeal was whether Andrus was required to serve Crow, as the party most affected by the granting of the writ.

The *Andrus* court quoted extensively from *Sumner–Tacoma Stage Co. v. Department of Public Works,* 142 Wash. 594, 254 P. 245 (1927), for the proposition that the statutes are practically silent on the subject of who should be parties to a request for a writ of certiorari. The *Andrus* court went on to note that the procedure for obtaining a writ of review is substantially similar to the procedure for an appeal, and cited *Braman v. Kuper,* 51 Wn.2d 676, 321 P.2d 275 (1958), which held that an appeal would be dismissed if a party whose interest could be adversely affected did not receive notice of the appeal. Applying the law to the facts before it, the *Andrus* court held that the recipient of the conditional use permit was an indispensable party, and since he was not served, dismissal of the action was proper. *Andrus,* at 509.

In *North St. Ass'n v. Olympia,* 96 Wn.2d 359, 635 P.2d 721 (1981), concerning three consolidated cases, writs of review were dismissed in two of the cases because the original writs failed to name all necessary parties. In both cases, the applicants attempted to add those parties after the expiration of the time limit for filing an application for a writ. In *North Street,* the applicant sought review of a plat approval decision and failed to name the plat sponsor and affected property owners. In the companion case, *G–3 Properties, Inc. v. Board of Cy. Comm'rs,* the Board approved a plan for the Browns to subdivide 29 acres of their land. The writ failed to join the Browns.

In its analysis, the *North Street* court applied CR 15(c), which reads as follows:

> **(c) Relation Back of Amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. *An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.*

(Italics ours.) According to the *North Street* court, the emphasized portion of the rule was added in 1966, and prior to that time, the old rule was only applied to cases of mistaken capacity, misnomer or oversight, citing two Washington cases, *Hill v. Withers,* 55 Wn.2d 462, 348 P.2d 218 (1960) and *DeSantis v. Angelo Merlino & Sons, Inc.,* 71 Wn.2d 222, 427 P.2d 728 (1967).

Noting that the new version of CR 15(c) creates a more liberal rule for relating back of amendments, the *North Street* court held that the new rule "still does not permit joinder if the plaintiff's delay is due to inexcusable neglect." *North Street,* at 368. The *North Street* court found no

reason in the record for the failure to name the plat sponsors and dismissed the appeal in *G–3*. Finding that the applicable statute of limitations had not yet run in *North Street,* the court remanded that case. *North Street,* at 369–70.

In *South Hollywood Hills Citizens for the Preservation of Neighborhood Safety & the Environment Ass'n v. King Cy.,* 101 Wn.2d 68, 677 P.2d 114 (1984), a neighborhood association sought judicial review of approval of two preliminary plats. The association named the project applicant but not the property owners in the original pleadings. Noting that the property owners were indispensable parties in a plat dispute, the *Hollywood Hills* court held that failure to name them was inexcusable neglect. According to the *Hollywood Hills* court:

> Generally, inexcusable neglect exists when no reason for the initial failure to name the party appears in the record. . . . Here, the information necessary to properly implead the parties was readily available. Respondent's attorney simply did not inquire. This omission was inexcusable.

*Hollywood Hills,* at 78.

In *Tellinghuisen v. King Cy. Coun.,* 103 Wn.2d 221, 691 P.2d 575 (1984), Tellinghuisen sought review of a Council decision granting a rezone to the Tawneys. The Tellinghuisens served King County, the Council, and the attorney who had represented the Tawneys in the rezone proceeding. R.P. and Michael D. Tawney were personally served on September 1 (after the 20 days for commencing the action had elapsed). Neither Fall City Welding, Inc., nor the marital communities were named. The trial court dismissed the application for the writ of review. The Court of Appeals reversed, refusing to apply the reasoning in *North Street* retroactively, holding that *North Street* "'had the effect of amending [CR 15(c)] without prior notice.'" *Tellinghuisen,* at 222 (quoting *Tellinghuisen v. King Cy. Coun.,* 38 Wn. App. 24, 30, 691 P.2d 575 (1984)).

In its opinion, the Washington Supreme Court first noted that adopting the added language contained in CR 15(c)

did not change existing case law. *Tellinghuisen,* at 224. In addition, the Supreme Court held that failure to name all necessary parties was inexcusable because the identity of the omitted parties was a matter of public record, and the Tellinghuisens had offered no cogent explanation for failing to name them. *Tellinghuisen,* at 224.

In *Foothills Dev. Co. v. Clark Cy. Bd. of Cy. Comm'rs,* 46 Wn. App. 369, 730 P.2d 1369 (1986), Foothills filed an "Application for Writ of Review, Complaint for Declaratory Judgment and Complaint for Money Damages". Foothills named the Clark County Board of County Commissioners as the only defendants. The Board sought to dismiss the entire action for Foothills' failure to join certain property owners. The Board did not allege that Foothills had failed to name Clark County. The motion to dismiss was denied.

Foothills then filed a motion to amend its complaint to join Clark County as a defendant. The proceedings concerning the writ of review were concluded prior to a hearing on the motion to amend, and thus were not affected by any decision on that motion. However, in analyzing the trial court's denial of the joinder motion to add the County, the *Foothills* court noted that RCW 36.01.020 requires that the County be named in the action and that no reason for Foothills' failure to name the County appeared from the record. Thus, there could be no relation back under CR 15(c). *Foothills,* at 375.

Culpepper erred in not naming Snohomish County in his application for a writ of review, but all requirements of CR 15(c) were met, and his amendment naming Snohomish County should be allowed. The County had prompt, actual notice. The Snohomish County prosecutor appeared and filed a responsive pleading. Snohomish County does not claim it did not have adequate notice. CDD was served. Copies of the application were delivered to the Snohomish County Auditor and the hearing examiner. Secondly, the County knew it was a proper party and, but for a mistake, should have been named. The County does not claim otherwise.

The only issue in this case is whether the failure to name Snohomish County in Culpepper's original pleading was the result of excusable neglect. The County cites *North Street, Andrus, Hollywood Hills,* and *Tellinghuisen* in support of its argument that failure to name Snohomish County was inexcusable neglect. We have reviewed these cases and find none of them are dispositive here.

To begin with, *North Street* and its progeny (except *Foothills*) all involve the failure to name a private citizen who had obtained a favorable decision from an administrative agency and who was at risk of losing that important right if an agency decision was reversed. These cases thus involve a third party who would have no legal notice of the proceeding if not named and served. (In *Tellinghuisen,* the Tawney husbands were served after the 20 days had elapsed.)

The factual pattern in the case before us is much different, in that the only parties to this case are Culpepper and Snohomish County. Furthermore, this action was initiated by Snohomish County against Culpepper through its Department of Planning and Community Development. Technically, Snohomish County is the only legal entity with authority to bring an action to enforce its zoning code. It elected to proceed through CDD. The caption of the notice of violation sent to Culpepper named CDD as the agency bringing the action. It did not name Snohomish County.[2]

The *Foothills* case is also not dispositive because the ruling did not involve a writ of certiorari, but only an action for damages. Since the application of the relation back relief provided by CR 15(c) would have had the effect of

---

[2]It is noteworthy that the 1966 amendment to the Federal Rules of Civil Procedure specially provided for effective service on government agencies. The advisory committee commented on the growing potential for technical pleading errors because of the increase in size and complexity of the bureaucracy and the importance of useful guidelines for handling relation back corrective amendments. 3 J. Moore, *Federal Practice* § 15.15 (2d ed. 1989).

reviving a damage claim barred by the statute of limitations, there was clear prejudice to the County's ability to defend on the merits.

## COUNTY NOT PREJUDICED

Expanding further on the lack of prejudice to Snohomish County, we emphasize that the County initiated this matter with Culpepper and was fully involved as a party from the beginning. Culpepper's requested amendment to allow Snohomish County to be substituted for CDD could not possibly prejudice Snohomish County.

The trial court dismissed Culpepper's application before a writ had issued. This appears to be premature in that writs of review can be issued without notice. RCW 7.16-.050.[3] Furthermore, directing the writ to CDD was proper since RCW 7.16.060 allows the writ to be directed to the "inferior tribunal, board or officer" having custody of the record to be certified. Undeniably, CDD was the county agency with custody of the pertinent records.

Due process implications arise when the writ is served. It is at this point that all necessary parties must be served so they will have notice of the proceeding and knowledge of the return date. Culpepper's application for review never reached a point where due process ever became an issue. The only flaw in Culpepper's proceeding was failure to name Snohomish County in his *application* for a writ. All other requirements were satisfied. This failure did not prejudice Snohomish County.[4]

---

[3]RCW 7.16.050 provides: "**Application for writ—Notice.** The application must be made on affidavit by the party beneficially interested, and the court may require a notice of the application to be given to the adverse party, or may grant an order to show cause why it should not be allowed, or may grant the writ without notice."

[4]This issue, which differentiates an application from the writ itself, was not briefed or argued by the parties. Any party desiring to direct arguments to this portion of the opinion may do so in a motion for reconsideration pursuant to RAP 12.4.

## EXCUSABLE NEGLECT

Culpepper's naming of CDD rather than Snohomish County is understandable and excusable in the factual context of this case. As previously mentioned, the caption of the notice served on Culpepper, which initiated this matter, named CDD as the initiating agency or party. It did not name Snohomish County.

Furthermore, the opinion of the hearing examiner under the heading "Notice to Parties of Record" purports to set forth instructions relative to obtaining review of the examiner's decision before the Superior Court for Snohomish County. Those instructions contain no suggestion that Snohomish County must be named as a party. To the contrary, it names as respondent the Community Development Division (CDD) of the Department of Planning and Community Development. It names as other parties of record Robert E. Corning (Culpepper's attorney at that time), and as "other parties", the Planning Division and the Community Development Division.

When one reviews the statutory requirements for obtaining judicial review through a writ of certiorari, the statutes give no indication as to who should be treated as necessary parties. When the County undertakes to provide instructions for obtaining judicial review which neglect to advise that Snohomish County is a necessary party and, to the contrary, infers that CDD is the proper party in such a proceeding, it is understandable that an individual would be led to believe that CDD is the only party he must name in his application for a writ of review. Under these circumstances, we conclude that Culpepper's oversight in failing to name Snohomish County in his application was excusable for reasons evident from a review of the record itself.

## MOTION TO AMEND SHOULD HAVE BEEN GRANTED

It follows that Culpepper's motion to amend his application to name Snohomish County rather than CDD should have been granted. Denial of his motion accomplished no

purpose whatsoever other than to deny Culpepper his day in court.

█ In *Miller v. Issaquah Corp.*, 33 Wn. App. 641, 657 P.2d 334 (1983), the Millers filed a petition for writ of certiorari, naming Mohl as owner of the property approved for a short plat by the City of Issaquah. The Issaquah Corporation was not named as a defendant, but was the actual owner of the property. The Millers sought leave to add the Issaquah Corporation as a necessary party, and their motion was denied. The *Miller* court held that the requirements of CR 15(c) had been satisfied. Marvin Mohl was the president and registered agent of Issaquah Corporation. He was personally and timely served with a copy of the petition. The court held that under the circumstances of that case, the Millers' mistaken belief that Mohl was the owner of the property and their lack of information as to the true owner was excusable. The *Miller* case is comparable to the case at bar. In both cases, no purpose whatsoever is served by the hypertechnical application of a rule which would have no effect other than to deny Culpepper his day in court. The final result in a case should not be determined by nonprejudicial error.

In *Foman v. Davis*, 371 U.S. 178, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962), the Court, in reversing a ruling denying a motion to amend a complaint, stated at page 182:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

The rule announced by *North Street* and its progeny is that inexcusable neglect exists when no reason appears for the initial failure to name the overlooked necessary party. The record here provides a basis for finding excusable neglect.

Reversed and remanded for further proceedings consistent herewith.

WINSOR and BAKER, JJ., concur.

Reconsideration denied October 8, 1990.

Review denied at 116 Wn.2d 1008 (1991).