[No. 16640-2-II.   Division Two.   April 7, 1995.]

LORENA R. NEPSTAD, *Appellant*, v. DELORES BEASLEY, ET AL, *Respondents*.

*Harold E. Winther*, for appellant.

*Charles J. Sinnitt* and *Sinnitt & Sinnitt, Inc., P.S.; Timothy R. Gosselin* and *Burgess, Fitzer, Leighton & Phillips, P.S.*, for respondents.

WIGGINS, J. — Plaintiff Lorena Nepstad (Nepstad) brought this action to recover damages for injuries sustained when Nepstad's automobile was struck from behind by an automobile driven by Jocelyn Fox (Fox). Plaintiff erroneously believed that the automobile had been driven by Delores Beasley, the mother of Jocelyn Fox, and filed this action against Delores Beasley and Waylon J. Beasley, her husband (Beasleys). Plaintiff learned the true identity of the driver shortly after the statute of limitations expired, and immediately moved to amend the complaint under CR 15(c) to change the party against whom the claim was asserted. The trial court held that the amendment would not relate back to the date of the original complaint under CR 15(c) because Plaintiff's failure to name Fox in the original complaint constituted "inexcusable neglect". We find the requirements of CR 15(c) are satisfied, that the amendment should relate back, and reverse and remand for further proceedings consistent with this opinion.

## FACTS

Several months before the Nepstad/Fox accident, Jocelyn Fox separated from her husband and moved into her parents' home. Fox transferred legal title to her automobile to her mother, Delores Beasley, so that the car could be insured under her mother's insurance policy. Fox remained the registered owner of the vehicle. Fox maintained and controlled the car, and her parents never drove it.

On February 20, 1989, Fox drove her car into the rear of Plaintiff Lorena Nepstad's car. Plaintiff was shocked by the impact, but she did not lose consciousness and was not

dazed. Immediately after the accident, Fox and Plaintiff spoke briefly and exchanged information. Fox showed Plaintiff the following insurance identification card:

Plaintiff copied down the name "Dolores [*sic*] Beasley", her address, the PEMCO insurance policy number, "Waylon J. Beasley", a telephone number, and the statement, "[s]he was driving her folks [*sic*] car." Plaintiff showed her driver's license to Fox. The parties dispute whether Fox showed her driver's license to Plaintiff, and the trial court made no finding on this issue.[1]

Both Plaintiff and Fox were insured by PEMCO. Over the next 2 1/2 years, Plaintiff's attorney repeatedly corresponded with PEMCO and in at least four letters, various PEMCO representatives referred to "our insured" as "Beasley". None of the letters refers to Jocelyn Fox.

Plaintiff filed and served the complaint in this action in November 1991, 3 months before the statute of limitations was to expire. The complaint named "Delores Beasley and Waylon J. Beasley" as the defendants. The complaint did not refer to Jocelyn Fox. Paragraph 3.1 of the complaint alleged the time and place of the accident, and that the vehicle

[1]The trial court entered summary judgment on the Beasleys' motion to dismiss based on affidavits and deposition testimony. The court heard testimony and entered findings of fact on Nepstad's motion to amend her complaint.

driven by "defendant Delores Beasley" collided with Plaintiff's vehicle. The Beasleys answered 1 month before the statute of limitations expired, admitting the date and place of the accident, and generally denying the balance of paragraph 3.1 of the complaint.

In December 1991, 2 months before the statute of limitations was to expire, Plaintiff served interrogatories on defense counsel asking about the circumstances of the accident. The Beasleys did not answer the interrogatories within 30 days as required by CR 33(a). In fact, the Beasleys never answered the interrogatories. Instead, Jocelyn Fox met with defense counsel and answered the interrogatories, despite the fact that she was not the named defendant and was not mentioned anywhere in the interrogatories. The defense served the interrogatory answers on Plaintiff's counsel on April 1, 1992, just over 1 month after the statute of limitations had run. The Beasleys then moved for summary judgment of dismissal on the ground that they did not drive the vehicle and were not negligent.

Plaintiff immediately moved to amend the complaint to add Jocelyn Fox as a defendant, arguing that the amendment should relate back to the date of filing. The trial court granted the Beasleys' motion for summary judgment. The court took testimony on the motion to amend. The court concluded that Plaintiff's mistaken reading of the insurance identification card constituted "inexcusable neglect" which barred relation back of the amendment under CR 15(c). The court relied primarily on *South Hollywood Hills Citizens Ass'n v. King Cy.*, 101 Wn.2d 68, 677 P.2d 114 (1984) and *Foothills Dev. Co. v. Clark Cy. Bd. of Cy. Comm'rs*, 46 Wn. App. 369, 730 P.2d 1369 (1986), *review denied*, 108 Wn.2d 1004 (1987). The court observed:

> I can't sit in equity and do perhaps what I would like to do — I took an oath to uphold the law. And I'm satisfied that the case law submitted by [defense counsel] compels me to deny the plaintiff's motion to amend the complaint. I don't like the ruling I made. Jocelyn knew. But the plaintiff has the burden of showing it's excusable and I don't think that the plaintiff has carried that burden.

The trial court then dismissed the Plaintiff's complaint on the ground that it was time barred.

## ANALYSIS

### REQUIREMENTS OF CIVIL RULE 15(c)

Superior Court Civil Rule 15(a) governs amendments generally and allows amendments before a responsive pleading is served. After a responsive pleading has been served, "a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

Superior Court Civil Rule 15(c) specifically governs when amendments will relate back to the date of the original pleading. If the amendment in this case relates back to the date of the original pleading, then the claim against Jocelyn Fox was brought within the statute of limitations and dismissal was erroneous. Under CR 15(c) an amendment changing a party against whom a claim is asserted relates back to the date of the original pleading if three conditions are satisfied: (1) "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading"; (2) within the applicable statute of limitations, the party to be brought in by the amendment "has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits"; and (3) within the applicable statute of limitations, the party to be brought in "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." CR 15(c). All three conditions are satisfied here.

The first condition is indisputably satisfied because the original complaint and the amendment both relate to the same automobile accident.

The second condition is also satisfied. Fox was living in her parents' home at the time suit was commenced. Delores Beasley testified that she read the complaint and realized that she was not the proper party, and that she had been named instead of Fox. Delores Beasley testified that she and

her daughter have maintained "a very close communicative relationship", and that she was sure that she shared information about the lawsuit with her daughter. Fox similarly testified that she and her mother had an "exceptional" communicative relationship, that she was "sure" that her mother told her about the complaint, and that her mother would probably tell her about anything important. Thus, Fox received sufficient notice of the lawsuit within the applicable statute of limitations that she will not be prejudiced in maintaining her defense on the merits.

It is equally clear that the third requirement of CR 15(c) is satisfied in this case. Fox clearly knew or should have known that but for the mistake concerning the identity of the proper party, the action would have been brought against her. The trial judge orally stated, "Jocelyn knew", and the facts amply support this observation. Fox met with defense counsel in early January 1991 to answer the interrogatories propounded by Plaintiff to the Beasleys and signed the interrogatories under oath as the "defendant in the above captioned action". Fox explained that she had answered the interrogatories instead of her parents, "[b]ecause it was for me. . . . [w]ell, probably because it's just obvious that it's my accident and I would be the one who had the information about it." She also admitted that there was no question in her mind that she had received the interrogatories and that they were really intended for her.

■ The Supreme Court found that an amendment related back under the predecessor version of CR 15(c) under virtually identical circumstances in *DeSantis v. Merlino & Sons, Inc.*, 71 Wn.2d 222, 427 P.2d 728 (1967). In *DeSantis*, the original complaint named Angelo Merlino, d/b/a Merlino Pure Food Products Company, a proprietorship. In fact, however, the proper defendant was Angelo Merlino and Sons, Inc., a Washington corporation. Just as in this case, the defendants retained counsel, who answered the complaint with a general denial and awaited expiration of the statute of limitations before moving to dismiss the complaint. As in this case, the trial court dismissed and ruled that the com-

plaint should not relate back. The Supreme Court reversed and remanded for trial on the merits:

> "The rule [15(c)] is to be liberally construed on the side of allowance of amendments, particularly where the opposing party is put to no disadvantage. (Citing cases.)
>
> . . . .
>
> "And, the spirit of the Federal Rules demands that insofar as possible, controversies be determined upon the merits and not upon procedural niceties. (Citing cases.)"

*DeSantis*, 71 Wn.2d at 225 (quoting *Adams v. Beland Realty Corp.*, 187 F. Supp. 680, 681-82 (E.D.N.Y. 1960), *mandamus denied sub nom. Hirsch v. Bruchhausen*, 284 F.2d 783 (2d Cir. 1960)).

### "INEXCUSABLE NEGLECT"

Even though Nepstad met the requirements set forth in CR 15(c), the trial court denied the Plaintiff's motion to amend based on case law holding that an amendment will not relate back if the Plaintiff's delay in joining a new party is due to "inexcusable neglect". *Haberman v. WPPSS*, 109 Wn.2d 107, 173-74, 744 P.2d 1032, 750 P.2d 254, *appeal dismissed sub nom. Wood Dawson Smith & Hellman v. Haberman*, 488 U.S. 805 (1988); *Tellinghuisen v. King Cy. Coun.*, 103 Wn.2d 221, 223-24, 691 P.2d 575 (1984); *North St. Ass'n v. Olympia*, 96 Wn.2d 359, 367-69, 635 P.2d 721 (1981), *overruled on other grounds by Sidis v. Brodie/Dohrmann, Inc.*, 117 Wn.2d 325, 815 P.2d 781 (1991); *Foothills*, 46 Wn. App. at 375-76.

▮ We hold that Plaintiff did not inexcusably neglect to identify the proper defendant. The Supreme Court has held, "[g]enerally, inexcusable neglect exists when no reason for the initial failure to name the party appears in the record." *South Hollywood Hills*, 101 Wn.2d at 78. In this case, the 68-year-old Nepstad had a reason — she misread Fox's insurance card immediately after experiencing the "shock" of a rear-end automobile accident. Plaintiff recorded some, but not all, of the information on the card, and misunderstood the identify of the driver of the car that had just struck her. This may have been neglect, but it was not "inexcusable".

The cases that have found "inexcusable neglect" have generally considered the neglect of a party's lawyer, who is presumably charged with researching and identifying all of the parties who must be named in a lawsuit, and with verifying information that is available as a matter of public record. *Tellinghuisen* (identity of proper defendant could be obtained by resort to public record); *South Hollywood Hills* (same); *PUD 1 v. Walbrook Ins. Co.*, 115 Wn.2d 339, 797 P.2d 504 (1990) (plaintiff was aware of the proper party but failed to join party for tactical reasons or through pure neglect); *North St. Ass'n* (no reason given for failure to name party). None of these facts is present in this case, and we find that Plaintiff was not inexcusably neglectful.

■ Although the parties have not argued the point, we question whether the "inexcusable neglect" case law applies to bar relation back where a party has incorrectly identified the defendant. The Supreme Court has applied the "inexcusable neglect" inquiry "in cases where leave to amend to add *additional* defendant[s] has been sought . . .". (Italics ours.) *Haberman*, 109 Wn.2d at 174. Nepstad did not merely seek to "add additional defendants". Rather, Nepstad sought leave for "an amendment changing the party against whom a claim is asserted", which falls squarely within the language of CR 15(c). By contrast, none of the plaintiffs in the "inexcusable neglect" cases misidentified the defendant. Rather, the plaintiffs in those cases failed to name all necessary parties and moved to amend to add the additional parties. The Supreme Court recognized this distinction in the leading "inexcusable neglect" case, *North St. Ass'n*, when it distinguished the case before it from *DeSantis*. The court pointed out that *DeSantis* was a case of "mistaken capacity, misnomer or oversight", while *North St. Ass'n*, involved no such mistake, but was simply an effort to add new parties. *North St. Ass'n*, 96 Wn.2d at 368. The court announced that the inexcusable neglect requirement applied to joinder of additional parties, but never stated that the requirement applied to cases of substitution to correct a mistaken identity. *North St. Ass'n*, at 368. The case at bar falls into the

latter category and it therefore appears that inexcusable neglect should not in itself bar amendment.

A trial court may still consider "inexcusable neglect" as an appropriate factor in a case such as this, but it is only one factor, not an absolute bar to amendment. 3 James W. Moore, *Federal Practice* ¶ 15.15[4.-2] (2d ed. 1991); 6A Charles A. Wright et al., *Federal Practice and Procedure* § 1498, at 142 (2d ed. 1990).

### ABUSE OF DISCRETION

██ This court will reverse a trial court's ruling on a request to amend only if the trial court abused its discretion. *Herron v. Tribune Pub'g Co.*, 108 Wn.2d 162, 165, 736 P.2d 249 (1987). Likewise, "[a] determination of relation back under CR 15(c) rests within the discretion of the trial court and will not be disturbed on appeal absent a manifest abuse of discretion." (Footnote omitted.) *Foothills*, 46 Wn. App. at 374. A trial court abuses its discretion when "discretion is exercised on untenable grounds or for untenable reasons, considering the purposes of the trial court's discretion." *Coggle v. Snow*, 56 Wn. App. 499, 507, 784 P.2d 554 (1990) (citing *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971)).

The trial judge in this case exercised his discretion on untenable grounds. As discussed above, Nepstad did not inexcusably neglect to name Fox in her complaint. The trial judge might well have allowed the amendment if he had not misapprehended the case law. The judge observed that he did not like his ruling, but felt that the applicable case law "compels me to deny the plaintiff's motion to amend the complaint".

Justice clearly requires that Nepstad be allowed to amend her complaint and that the amendment relate back to the date of the original complaint. The Beasleys' (and Fox's) insurer consistently represented "Beasleys" as their named insured. Fox became aware of the complaint within the statute of limitations and knew that the action would have been brought against her but for a mistake concerning her iden-

tity. Fox even participated in drafting answers to the interrogatories because she knew she was the driver of the car and the only person having any knowledge of the facts of the accident. The defense delayed providing answers to the interrogatories until after the statute of limitations had run and brought its motion for summary judgment shortly after the expiration of the statute of limitations. Absolutely no purpose is served by denying Nepstad's motion to amend and allowing the amendment to relate back. The orders denying the amendment and dismissing the action are reversed and the matter is remanded to the Superior Court for further proceedings.

HOUGHTON, J., concurs.

SEINFELD, C.J. (concurring) — I agree with the majority that under the facts of this case the Plaintiff did not act with inexcusable neglect. However, I believe that the further discussion regarding the applicability of the excusable neglect standard to the situation where the Plaintiff wishes to substitute, as opposed to add, a party is unnecessary, and perhaps unwise. I believe we should defer our analysis on this matter until such time as we have a case before us in which counsel has briefed and argued the issue. For that reason, I respectfully decline to concur in that portion of the decision.